1  **DONALD W. COOK**, CSB 116666
   ATTORNEY AT LAW
2  3435 Wilshire Blvd., Suite 2910
   Los Angeles, CA 90010
3  (213) 252-9444; (213) 252-0091 facsimile
   E-mail: manncook@earthlink.net
4
   Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONNIE A. CARDINALE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>XAVIER BECERRA, an individual sued in his official capacity only; SCOTT R. JONES, an individual sued in his official and individual capacities; COUNTY OF SACRAMENTO, a governmental entity; SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, a public entity; CLINTON ROBINSON (#305), an individual sued in his official and individual capacities; and Does 1 through 20, all sued in their individual capacities,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**<br><br>**1. Unlawful Ongoing Seizures - Declaratory / Injunctive Relief (42 U.S.C. § 1983; Cal. Const. Art. I §§ 1, 7; Cal. Civ. Code § 52.1(c))**<br><br>**2. Violations of Constitutional Rights - Damages (42 U.S.C. § 1983 / Cal. Civ. Code § 52.1(c))**<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

## I. JURISDICTION AND VENUE.

1. Plaintiff's claims arise under 42 U.S.C. §1983 and state law. Accordingly, federal jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343. The Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

2. Plaintiff's claims arise out of, *inter alia*, acts of personnel employed by the California Department of Justice ("CDOJ") and the County of Sacramento, acts which caused injury to Plaintiff in Sacramento County. Accordingly, venue is proper within the Eastern District of California.

## II. PARTIES.

3. Plaintiff Connie A. Cardinale, an adult individual, is and was at all times relevant hereto, a resident of the County of Sacramento.

4. Defendant Xavier Becerra ("Becerra"), an individual, was and is at all times material hereto, the duly elected Attorney General for the State of California, and the head of the California Department of Justice ("CDOJ"). As such, Becerra has final supervisory control over the CDOJ's Bureau of Firearms, and is responsible for issuing policy and directives to the Bureau of Firearms for the return and release to owners of their firearms seized under color of law by California law enforcement officials. Plaintiff sues Becerra in his official capacity only.

5. Defendant Scott R. Jones ("Jones"), an individual, was and is at all times material hereto the duly elected Sheriff of the County of Sacramento. Plaintiff is informed and believes and based thereon alleges that Jones is the chief policy maker for the Sacramento County Sheriff's Department, and is a policy maker for the County of Sacramento on law enforcement matters. Plaintiff sues Jones in both his official and individual capacities.

6. Defendant County of Sacramento ("County") is a local governmental entity within the meaning of 42 U.S.C. § 1983, while defendant Sacramento County Sheriff's Department ("SCSD") is a California public entity also subject to suit under § 1983.

7. Defendant Clinton Robinson ("Robinson"), an individual, was and is at all times

material hereto, a SCSD deputy sheriff (employee number 305). Plaintiff sues Robinson in both his official and individual capacities.

8. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES, and therefore sues these defendants by fictitious names. Plaintiff will give notice of their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that defendant DOES are responsible in some manner for the damages and injuries hereinafter complained of.

9. Plaintiff is informed and believes and thereupon alleges that at all times relevant herein defendants, including DOE defendants, and each of them, were the agents, servants, couriers and employees of other defendants, and were acting in concert with each other and in furtherance of a common goal and/or objective, were acting within the course and scope of the agency and employment or ostensible agency and employment.

10. The complained of acts and omissions were performed by persons within the course and scope of employment with their employer, the CDOJ, County and/or SCSD. All acts and omissions were under color of state law.

## III. FACTS COMMON TO ALL CLAIMS.

*A. The search of Plaintiff's home and property seizure.*

11. In the evening of December 25, 2019 during the course of Christmas dinner, Plaintiff was violently assaulted and battered by her adult son who suffers from schizophrenia. In response to a 911 call, Sacramento Sheriff's deputies responded. Although Plaintiff's son had fled the premises (he was later apprehended the next day December 26) and did not reside at or have access to Plaintiff's home, without a warrant or consent responding deputies searched Plaintiff's home. In the course of that search, deputies found in the distant corner of a closed closet, three firearms (long guns) all belonging to Plaintiff, firearms which Plaintiff is informed the deputies knew Plaintiff had lawfully acquired and lawfully possessed:

    A. Pump action Remington shotgun, model 870, serial #RS 50085H;

    B. Savage bolt action rifle, model 99E, serial #1111846; and

C. Ruger semi-automatic rifle, model 10-22, serial #35754232.

12. Deputies seized the above firearms without a warrant and without Plaintiff's consent. Furthermore, Plaintiff is informed and believes and based thereon allege the deputies seized the firearms even though they knew that (a) no firearm of any type was used in any manner in the assault on Plaintiff or any other crime the deputies were investigating; (b) the deputies knew the firearms belonged to Plaintiff; and (c) Plaintiff's son did not have access to the firearms.

13. The next day, December 26, SCSD deputies returned to Plaintiff's premises because, Plaintiff is informed, the deputies believed Plaintiff's son was hiding in a separate storage structure located on Plaintiff's real property. After some delay, deputies took Plaintiff's son into custody without injury to any person. That same afternoon and pursuant to a search warrant that, Plaintiff is informed and based thereon alleges, was executed after Plaintiff's son was apprehended, SCSD deputies searched Plaintiff's home. During the course of this search SCSD deputies seized two more of Plaintiff's firearms lawfully acquired but kept in a locked gun safe:

A. Kahr semi-automatic 9mm pistol, model CW9, serial #EF3234; and

B. Smith & Wesson semi-automatic .40 caliber pistol, model SW40F, serial #PAH7163.

14. Additionally, Plaintiff is informed and based thereon allege that after taking into custody Plaintiff's son, deputies recovered from the storage structure in which he had been hiding, Plaintiff's Smith & Wesson .38 caliber revolver (model 6422 / serial #CPR8043) that her son had taken from Plaintiff's bedroom the day before without her consent. However, Plaintiff is informed that other than taking the firearm, her son did not use the firearm to threaten any person, nor did he use it in furtherance of any crime.

15. The December 26, 2019 seizure of Plaintiff's handguns, although pursuant to a warrant, was nevertheless unlawful because there was never any evidence that (a) the handguns had been used in the commission of a criminal act, or (b) were likely to used in a commission of a criminal act. That is, Plaintiff is informed and believes and based

thereon allege, that in support of the search warrant defendant Robinson falsely swore under oath that Plaintiff's firearms were "used as the means of committing a felony" and that they "tend[] to show that a felony has been committed or that a particular person has committed a felony." Plaintiff is informed and believes and based thereon allege that in fact, Robinson knew that none of Plaintiff's firearms were used in any crime, including being used, or threatened to be used, in any crime in which Plaintiff was assaulted and battered.

16. Plaintiff's son was booked into the Sacramento County jail where he remained incarcerated upon through February 26, 2020. On that date the Sacramento Superior Court sentenced him to a four year term in state prison where he is now incarcerated. (*People v. Ryan Stucky*, Sacramento Superior Court No. 19FE023135).

*B. Defendants' refusal to release and return Plaintiff's firearms.*

17. Following her son's sentencing to state prison, Plaintiff began seeking the return of her firearms. On February 26, 2020, Plaintiff asked the deputy district attorney assigned to her son's case when she could retrieve her firearms; he responded by stating he would inform the SCSD, which had possession of the firearms, to release them. Thereafter, upon Plaintiff's followup with the SCSD, that defendant told Plaintiff she needed authorization by the CDOJ's Bureau of Firearms ("Bureau") before the SCSD could return her firearms. So Plaintiff sought authorization from the Bureau, only to be rebuffed for trivial and unlawful reasons:

    A. In early March 2020, Plaintiff first submitted her requests to the CDOJ using the "Law Enforcement Gun Release Application" forms the Bureau demands. See Attachments A and B, copies of the applications dated March 9 and March 10. (Pursuant to F.R.Cv.P. 5.2 and L.R. 140, confidential information has been redacted.)

    B. The Bureau rejected the requests because the Bureau claimed (wrongly) Plaintiff may not be the lawful owner of the firearms as supposedly the last name on her driver's license differed from the name on one of the applications. See

Attachment C. Apparently because Ms. Cardinale mentioned on the March 10 application a last name aka of "Stucky" (her married name from years ago) the Bureau concluded Plaintiff as identified on the application was not the person identified on her driver's license.

C. Plaintiff responded by explaining in writing that for business and financial reasons arising from her marriage that ended in divorce more than 20 years ago, "Stucky" sometimes appears on financial and business records. Nevertheless, the Bureau ridiculously insists that Plaintiff produce a marriage certificate from a marriage that ended 25 years ago, with the certificate being more than 30 years old.

18. The Bureau's demand was and is patently unreasonable and unnecessary. Pursuant to official records, including CDOJ fingerprint-verified records, all defendants, including the CDOJ, *know* that "Stucky" is a name Plaintiff has used on occasion as a last name:

A. Pursuant to law, the CDOJ maintains the fingerprints of every person fingerprinted in California for license and employment purposes, and persons fingerprinted in the course of booking into any state, county or municipal jail. For employment and licensing purposes, Plaintiff has been fingerprinted, has a CII number with her fingerprints on file with the CDOJ, and is identified in both CDOJ and California DMV official records as the Connie A. Cardinale who submitted the release of firearm forms, see Attachments A and B. Those fingerprint-verified official records also establish -- as defendants well know -- that Plaintiff has no criminal record of any type, and that "Stucky" is a last name aka for Plaintiff;

B. Defendants know that Plaintiff had been previously issued a concealed weapons permit by the County of Placer when she resided there, and further know she is the lawful owner of each and every firearm seized by the SCSD deputies on December 25 and 26, 2019;

C. The firearms seized December 25, 2019 were seized without a warrant

and without any apparent exception to the warrant requirement. Furthermore, if the December 25 seizures could be justified by an exception, the only arguable possible exception would be community caretaking. However, even if such justification existed when the deputies seized the firearms, that justification dissipated no later than December 26, 2019, when deputies arrested Plaintiff's son. Yet in violation of the Fourth Amendment, defendants still refuse to return to Plaintiff these firearms despite no Fourth Amendment justification for the ongoing seizure. *Brewster v. Beck*, 859 F.3d 1194, 1196-97 (9th Cir. 2017) ("A seizure is justified under the Fourth Amendment only to the extent that the government's justification holds force. Thereafter, the government must cease the seizure or secure a new justification.");

D. Furthermore, Plaintiff is informed and believes and based thereon allege that even assuming the Sacramento County district attorney's office had, at one point, a lawful prosecutorial interest in any of the firearms as evidence of possible crime, defendants, and each of them, know that the district attorney's office no longer professes to have such interest. Plaintiff is informed and based thereon alleges that the district attorney's office so informed defendants on or about February 26, 2020, and thus that Plaintiff's firearms could be returned to her.

19. Plaintiff most recently requested return of her firearms by her attorney's letter dated June 12, 2020, and delivered to the Bureau of Firearms, Sheriff Scott Jones, and Sacramento County District Attorney Anne Marie Schubert. See Attachment D. Neither the Bureau nor Sheriff Jones have responded to the letter. The only response received was from Sacramento County. That defendant stated (a) it cannot release the firearms until the Bureau authorizes the release and (b) the Sacramento district attorney's office "issued a property release" "to the Sheriff's Department on 2/26/20." See Attachment E.

20. The continued wrongful withholding of Plaintiff's firearms violates her rights under both the Fourth and Fourteenth Amendments in that:

A. The continuing seizure without any justification violates the Fourth

00139152.WPD

Amendment, see *Brewster*;

B. Despite seizing Plaintiff's firearms more than six months ago, defendants have *not* provided any hearing and opportunity for Plaintiff for (a) challenging either or both the initial justification for seizing her firearms, and (b) seeking return of her firearms even if the initial seizures were lawful. This violates Plaintiff's due process rights. *United States v. James Daniel Good Real Property*, 510 U.S. 43, 53-59 (1993); *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

C. That state law or state regulation may require that Plaintiff submit a "Law Enforcement Gun Release Application" form completed in a manner the Bureau deems adequate, does not and can not justify the continuing seizure and withholding of Plaintiff's property for which she seeks return. The *United States Constitution*, not state law or regulation, determines if the ongoing seizure is constitutionally justified. *Miranda v. City of Cornelius*, 429 F.3d 858, 864-65 (9th Cir. 2005) ("city ordinance and state statute does not, in and of itself, determine the reasonableness of the seizure under the Fourth Amendment").

21. Plaintiff is informed and believes and thereon alleges that both the initial seizures and the ongoing seizures have received approval from defendants Becerra and Jones, policy makers in their capacities as head of their respective departments. See Attachment C.

22. Plaintiff timely submitted a claims to the State of California and the County of Sacramento, pursuant to Cal. Gov't Code § 910. Plaintiff is informed that the claims have been denied. Plaintiff brings this suit within the time allowed under state law.

**FIRST CAUSE OF ACTION -UNLAWFUL ONGOING SEIZURES**

**(Declaratory and Injunctive Relief - 42 U.S.C. § 1983**

**Cal. Const., Art. I §§ 1, 7 / Cal. Civ. Code § 52.1)**

**(As Against All Defendants *except* Robinson)**

23. By this reference, Plaintiff re-alleges and incorporates all previous and following paragraphs as if fully set forth herein.

24. The present ongoing seizures of Plaintiff's firearms is without lawful justification and, as to the firearms seized December 26, 2019, were seized based on a warrant issued without probable cause and upon purported facts defendant Robinson fabricated. Specifically, the firearms do not "threaten public safety, or [are] subject to vandalism," *Miranda v. City of Cornelius*, 429 F.3d 858, 862-65 (9th Cir. 2005), and are not contraband or evidence of crime. Meanwhile, Plaintiff is willing and able to lawfully reclaim possession, and seeks possession of her firearms, her Second Amendment right, but defendants refuse to release her firearms to her.

25. Defendants Becerra and Jones, policy makers for their respective agencies, have the authority to order or direct that the firearms be returned to Plaintiff, and are on notice that the continued wrongful retention of Plaintiff's firearms violates her rights under the Second, Fourth and Fourteenth Amendments to the United States Constitution, and parallel provisions of the California State Constitution. Despite such knowledge and Plaintiff's requests for her firearms, defendants refuse to order their release.

26. An actual and substantial controversy exists currently exists between Plaintiff and defendants that defendants are presently wrongfully withholding her firearms and are refusing to authorize the firearms' release, whereas Plaintiff contends that such actions are ongoing violations of her Second, Fourth and Fourteenth Amendments to the United States Constitution, and parallel provisions of the California State Constitution. These ongoing violations of her constitutional rights constitute, Plaintiff contends, irreparable injury justifying equitable relief, under 42 U.S.C. § 1983, Cal. Const., Art. I §§ 1, 7, and Cal. Civ. Code § 52.1(c).

27. The acts alleged herein were the product of a custom, practice and/or policy of the Defendants, which custom, practice and/or policy caused the constitutional violations alleged herein.

///

///

///

00139152.WPD

# SECOND CAUSE OF ACTION - VIOLATIONS OF CONSTITUTIONAL RIGHTS (FEDERAL AND STATE CONSTITUTIONS)
# (Damages - 42 U.S.C. § 1983 / Cal. Civ. Code § 52.1(c))
# (As Against All Defendants *except* Becerra)

28. By this reference, Plaintiff re-alleges and incorporates all previous and following paragraphs as if fully set forth herein.

29. Both the initial seizure and the ongoing seizures of Plaintiff's firearms violate her rights under the Second, Fourth and Fourteenth Amendments to the United States Constitution, thereby causing her to incur general and special damages.

30. In carrying out the acts that caused the wrongful seizures, the individual defendants and DOES acted either knowing their conduct was in violation of Plaintiff's constitutional rights, or acted with reckless disregard of violations of Plaintiff's constitutional rights. Plaintiff is therefore entitled to recover compensatory and punitive damages, and statutory damages as allowed by law.

# PRAYER

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

*On The First Cause of Action (against all Defendants EXCEPT Robinson)*:

1. That this Court issue a declaration that the initial seizures of Plaintiff's firearms, and the subsequent refusal to release and return to Plaintiff her firearms, violated the Second, Fourth and Fourteenth Amendments to the United States Constitution, and Art. I §§ 1 and 7 of the California State Constitution;

2. That the Court issue a preliminary and permanent injunction on behalf of Plaintiff commanding defendants, and each of them, to release immediately to Plaintiff her firearms without payment of any further cost or expenses.

*On The Second Cause of Action (against all Defendants EXCEPT Becerra)*:

3. That this Court award Plaintiff compensatory and punitive damages (the latter against the individual defendants only), according to proof;

4. That this Court award Plaintiff statutory damages as allowed by law;

*On All Causes of Action:*

5. That this Court award Plaintiff attorneys' fees and costs incurred in this action under 42 U.S.C. § 1988, California private attorney general doctrine, and any other appropriate statute;

6. Such further relief as is just and proper.

DATED: July 1, 2020

         **DONALD W. COOK**
         Attorney for Plaintiff

By _____
        Donald W. Cook

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial.

DATED: July 1, 2020

**DONALD W. COOK**
Attorney for Plaintiff

By _/s/ Donald W. Cook_
      Donald W. Cook



# Law Enforcement Gun Release Application
Penal Code Section 33850

26

This form is to be used only by the owner of a firearm which is in the custody or control of a law enforcement agency or court to redeem the firearm. It only establishes the applicant's eligibility to lawfully possess firearms at the time the application is processed. It cannot be used to transfer a firearm, or to prove ownership of a firearm.
(Instructions and processing fee information on reverse.)

## A. Owner Information

| Last Name: | First Name: | Middle Name: |
|---|---|---|
| Cardinale | Connie | Ann |

| Alias Last Name (if any): | Alias First Name: | Alias Middle Name: |
|---|---|---|
| AKA Stucky on my Living Trust & SS card only | | |

| Residence Street Address: | City: | State: | Zip Code: |
|---|---|---|---|
| [redacted] Hazel Ave | Orangevale | CA | 95662 |

| Mailing Address (if different): | City: | State: | Zip Code: |
|---|---|---|---|
| | | | |

| Date of Birth (mm/dd/yyyy): | Place of Birth (state or country): | Sex: | Phone No. (include area code): |
|---|---|---|---|
| [redacted]/53 | Brownsville TX | F | 916-740-[redacted] |

U.S. Citizen? ☑ Yes ☐ No    If no, enter Alien Registration No. or I-94 No.:    Country of Citizenship: USA

ID Type: CDL ☑    ID Number: N[redacted]19

## B. Firearm(s) Information (To report additional firearm(s) copy and attach additional applications)

| Firearm Type | Category | Serial Number | Make | Model | Caliber | Firearm Origin | Color | Barrel Length |
|---|---|---|---|---|---|---|---|---|
| ☑ Handgun | Semi-Automatic | EF 3234 | KAHR | CW9 | .9mm | USA | Silver/BLK | 3½ IN |
| ☑ Handgun | Semi-Automatic | PAH 7163 | Smith & Wesson | SW40F | .40 | USA | BLK | 4¼ IN |
| ☑ Handgun | Revolver | CPR 8043 | Smith & Wesson | 6422 | .38 | USA | Silver | 2 IN |

## C. Agency Information

Name of Law Enforcement Agency or Court in Possession of the Firearm(s): SACRAMENTO COUNTY SHERIFF'S OFFICE

Address: 711 G STREET    City: SACRAMENTO    Zip Code: 95814    Case Number: 19-455580

## D. Declaration

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that I am the lawful owner of all firearms that I seek to have returned. I expressly authorize the Department of Justice to perform firearms eligibility checks of all relevant state and federal databases including the Federal Bureau of Investigation's National Instant Criminal Background Check System. I also understand that if I currently possess or own firearms and the results of this check reveal that I am ineligible either to lawfully possess or purchase firearms, I must relinquish any and all firearms in my possession.

Signature: Connie Ann Cardinale    Date: 3-9-20

### DOJ USE ONLY

☐ AFS REFLECTS APPLICANT AS OWNER.    ☐ UNABLE TO VERIFY OWNERSHIP OF FIREARMS VIA AFS. COURT OR LEA MUST CONFIRM.

Date Received: MAR 16 2020    Date Paid: APR 09 2020    Date Processed:    Processed By:    NTN#:

MAX PB 4 2020 20
MAY [illegible] 2020

3/9/20 Application    Attachment A



# CALIFORNIA DEPARTMENT OF JUSTICE
## BUREAU OF FIREARMS
### Law Enforcement Gun Release Application
Penal Code Section 33850

$26

This form is to be used only by the owner of a firearm which is in the custody or control of a law enforcement agency or court to redeem the firearm. It only establishes the applicant's eligibility to lawfully possess firearms at the time the application is processed. It cannot be used to transfer a firearm, or to prove ownership of a firearm.

(Instructions and processing fee information on reverse.)

## A. Owner Information

| Last Name: | First Name: | Middle Name: |
|---|---|---|
| Cardinale-Stucky (AKA) | Connie | Ann |

| Alias Last Name (if any): | Alias First Name: | Alias Middle Name: |
|---|---|---|
| on SS & Living Trust | | |

| Residence Street Address: | City: | State: | Zip Code: |
|---|---|---|---|
| ___ Hazel Ave | Orangevale | CA | 95662 |

| Mailing Address (if different): | City: | State: | Zip Code: |
|---|---|---|---|
| | | | |

| Date of Birth (mm/dd/yyyy): | Place of Birth (state or country): | Sex: | Phone No. (include area code): |
|---|---|---|---|
| __/__/1953 | Brownsville TX | F | 916 740-____ |

| U.S. Citizen? | If no, enter Alien Registration No. or I-94 No.: | Country of Citizenship: |
|---|---|---|
| ☒ Yes ☐ No | | USA |

Enter your California driver license (CDL), California ID (CID), Military ID (MIL), or Out-of-State ID (OSID) number in the ID number box to the right. If using military identification you must send a copy of your permanent duty station orders stating you are stationed in California. If using an out-of-state driver's license or identification number you must send a notarized copy of your driver's license or identification card.

ID Type (check one): CDL ☒  MIL ☐  CID ☐  OSID ☐
ID Number: N_____8

## B. Firearm(s) Information (To report additional firearm(s) copy and attach additional applications)

| Firearm Type: | Category: | Serial Number: |
|---|---|---|
| ☐ Handgun ☐ Rifle ☒ Shotgun | Pump | RS50085H |
| Make: Remington | Model: 870 | Caliber: .20 | Firearm Origin: USA | Color: Blk | Barrel Length: 21 ☒ IN. ☐ CM. |

| Firearm Type: | Category: | Serial Number: |
|---|---|---|
| ☐ Handgun ☒ Rifle ☒ Shotgun | Bolt Action | 1111846 |
| Make: Savage | Model: 99E | Caliber: .243 | Firearm Origin: USA | Color: Brown | Barrel Length: 20 ☒ IN. ☐ CM. |

| Firearm Type: | Category: | Serial Number: |
|---|---|---|
| ☐ Handgun ☒ Rifle ☐ Shotgun | Semi-Automatic | 35754232 |
| Make: Ruger | Model: 10-22 | Caliber: .22 | Firearm Origin: USA | Color: Brown | Barrel Length: 16 ☒ IN. ☐ CM. |

## C. Agency Information

Name of Law Enforcement Agency or Court in Possession of the Firearm(s): Sacramento County Sheriff's Office

| Address: | City: | Zip Code: | Case Number: |
|---|---|---|---|
| 711 G Street | Sacramento | 95814 | 19-455580 |

## D. Declaration

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that I am the lawful owner of all firearms that I seek to have returned. I expressly authorize the Department of Justice to perform firearms eligibility checks of all relevant state and federal databases, including the Federal Bureau of Investigation's National Instant Criminal Background Check System. I also understand that if I currently possess or own firearms and the results of this check reveal that I am ineligible either to lawfully possess or purchase firearms, I must relinquish any and all firearms in my possession.

Signature: Connie Ann Cardinale
Date: 03/10/2020

### DOJ USE ONLY

☐ AFS RE_____  ☐ UNABLE TO VERIFY OWNERSHIP OF FIREARMS VIA AFS, COURT OR LEA MUST CONFIRM.

| Date Received: | Date Paid: | Date Processed: | Processed By: | NTN#: |
|---|---|---|---|---|

3/10/20 Application

Attachment B

Telephone: (916)
Fax: (916)

May 4, 2020

CONNIE CARDINALE
░░░░ HAZEL AVE
ORANGEVALE, CA 95662

RE: <u>**Law Enforcement Gun Release – Incomplete Application**</u>

Dear Sir/Madam:

The California Department of Justice, Bureau of Firearms is in receipt of your Law Enforcement Gun Release (LEGR) Application (BOF 119); however, your application is being returned unprocessed for the following reason(s):

☐ One or more of the required application fields was not completed or is illegible.

☐ The application submitted is obsolete and cannot be accepted. Please complete the correct application (BOF 119, Rev. 05/2019) which can be obtained on the Attorney General's website at http://oag.ca.gov/firearms/forms

☐ Your application was not signed and/or dated.

☐ The required $_____ fee in the form of a check or money order made payable to the California Department of Justice was not submitted with your application.

☐ As an out-of-state applicant, you must send a notarized copy of your driver license or identification card indicated on the application.

☐ Effective July 1, 2019, a copy of your California driver license or California identification card is required (Cal. Code Reg., tit. 11, § 4045.1 subd. (b-c)). If "FEDERAL LIMITS APPLY" appears on your California driver license or California identification card, you will need to submit additional documentation. For more information, please refer to the Bureau of Firearms website at https://oag.ca.gov/firearms.

☒ If your name, as it appears on the "FEDERAL LIMITS APPLY" California driver license or identification card, differs from the name on the document(s) you provided, you shall also submit one of the following certified documents (next page).

If you have any questions concerning this information, please contact the Bureau of Firearms at the number listed above.

Sincerely,

PURCHASER CLEARANCE SECTION
Bureau of Firearms

For     XAVIER BECERRA
Attorney General

5/4/20 Notice of Incomplete Application                                    Attachment C



# CALIFORNIA DEPARTMENT OF JUSTICE
## BUREAU OF FIREARMS
### Law Enforcement Gun Release Application

**Proper Use of the Law Enforcement Release Application**
This form is **only** to be used by the **owner** of the firearm who is seeking to redeem his/her firearm in the custody or control of a law enforcement agency or court. It is the responsibility of the court or law enforcement agency with custody or control of the firearm to verify that the applicant is the lawful owner or possessor of the firearm.

**Application Submission Requirements**
Individuals seeking the return of a firearm that is in the custody or control of a law enforcement agency or court must submit a complete application **with the appropriate fees** to the Department. A firearms eligibility check will be conducted to determine whether the person is eligible to possess firearms under state and federal law. A notice of results will be sent to the applicant via U.S. Mail. Incomplete applications will be returned without processing. If reporting more than three firearms, make extra copies of this form to meet your reporting needs. **Once issued, a determination notice is only valid for 30 days.** Be advised that any unclaimed firearm may be disposed of by a law enforcement agency or court 180 days after the owner has been notified that the firearm is available for return.

The following must be submitted with your application and mailed to the **Department of Justice, Bureau of Firearms - LER, P.O. Box 820200, Sacramento CA 94203-0200:**

- $20 for the first firearm, and $3.00 for each additional firearm (check or money order made payable to the Department of Justice).
- If the law enforcement agency or court determines the firearm was reported stolen pursuant to Penal Code section 33855, subdivision (d), the fees for the stolen firearm(s) will be waived. **Applicants must provide documentation from the law enforcement agency or court with this application to qualify for the waiver of fees.**
- A copy of your California driver license or identification card. (Cal. Code Reg., tit. 11, § 4045.1)
- If your California driver license or identification card has "FEDERAL LIMITS APPLY" on the front, you shall also submit proof of lawful presence in the United States, in the form of one of the following documents:

    (1) Valid, unexpired U.S. passport or passport card.
    (2) Certified copy of U.S. birth certificate.
    (3) Certification of Birth Abroad (FS-545), Certification of Report of Birth (DS-1350) or Consular Report of Birth Abroad of a Citizen of the United States of America (FS-240), issued by the U.S. Department of State.
    (4) Valid, unexpired foreign passport with valid U.S. immigrant visa and approved Record of Arrival/Departure (I-94) form.
    (5) Certified copy of birth certificate from a U.S. Territory.
    (6) Certificate of Naturalization or U.S. Citizenship.
    (7) Valid, unexpired Permanent Resident Card. (Cal. Code Reg., tit. 11, § 4045.1)

- If your name, as it appears on the "FEDERAL LIMITS APPLY" California driver license or identification card, differs from the nam on the document(s) above, you shall also submit one of the following certified documents:

    (1) An adoption document that contains your legal name as a result of the adoption.
    (2) A name change document that contains your legal name both before and, as a result of, the name change.
    (3) A marriage certificate.
    (4) A dissolution of marriage document that contains your legal name as a result of the court action.
    (5) A certificate, declaration or registration document verifying the formation of a domestic partnership.
    (6) A dissolution of domestic partnership document that contains your legal name as a result of the court action. (Cal. Code Reg., tit. 11, § 4045.1)

5/4/20 Notice of Incomplete Application                    Attachment C

Donald W. Cook

Samantha R. Koerner

**DONALD W. COOK**
*Attorney at Law*
3435 Wilshire Blvd., Ste. 2910, Los Angeles, CA 90010
(213) 252-9444 / (213) 252-0091 facsimile

June 12, 2020

| | | |
|---|---|---|
| Bureau of Firearms<br>Calif. Dept of Justice<br>4949 Broadway<br>Sacramento, CA 95820<br>(via Federal Express) | Sheriff Scott Jones<br>Sacramento Sheriff's Dept.<br>711 G Street<br>Sacramento, CA 95814<br>(via Email info@sacsheriff.com) | Anne Marie Schubert<br>District Attorney,<br>Sacramento County<br>906 G Street, Ste. 730<br>Sacramento, CA 95814<br>(via Email daoffice@sacda.org) |

    Re:     My client: Connie A. Cardinale (victim of crime)
              Sacramento Sheriff's Report No. 19-455580

Dear All:

I write to obtain the release and return of my client's firearms, seized by the Sacramento Sheriff's Department and which the Sheriff's Department refuses to return in violation of law. The Sheriff's Department seized the firearms apparently in connection with a criminal investigation in which my client Ms. Cardinale was the *victim* (there is no dispute about that – the district attorney's office successfully prosecuted the criminal case against the attacker who is now serving a term of imprisonment in state prison). Despite my client's repeated requests for the return of her firearms, the Sheriff's Department refuses to do so, seemingly because the Bureau of Firearms declines to authorize the return.

    *Background*

On December 25, 2019, my client Ms. Cardinale was violently assaulted and battered in her home by her adult son Ryan Stucky, who suffers from schizophrenia. (Ryan Stucky does not reside in my client's home; he was present because of the holiday). In response to a 911 call, Sacramento Sheriff's deputies responded. Although Ryan Stucky had fled the premises (he was later apprehended the next day December 26) Sheriff's deputies searched my client's home and seized some of her firearms (all lawfully purchased and lawfully possessed by my client). The next day, December 26, now armed with a search warrant Sheriff's deputies returned to my client's home. Pursuant to that warrant, the deputies seized my client's remaining firearms (again, all lawfully purchased and lawfully in my client's possession). See Sacramento Sheriff's Department reports under #19-455580.

It should be noted that Ryan Stucky's assault on Ms. Cardinale did *not* involve the use of any firearms (he used a stick and his hands). When he was later apprehended, he was unarmed.

From his December 26, 2019 arrest date to the present, Ryan Stucky has been in custody. Following his sentencing to state prison on February 26, 2020 (*People v. Ryan Stucky*, Sacramento Superior Court No. 19FE023135), Ms. Cardinale began seeking the return of her firearms. Told she needed authorization by the Bureau of Firearms, she submitted her first release applications in early March (see Attachments A and B, copies dated March 9 and March 10). The Bureau rejected the requests because the Bureau claimed (wrongly) her last name on her driver's license differed from the name on the application. Apparently because Ms. Cardinale mentioned on the March 10 application a last name aka of "Stucky" (her married name from years ago) the Bureau concluded the name on the application did not match the name on her driver's license. See Attachment C.

The Bureau's reason was patently frivolous:

● Ms. Cardinale's last name on her California driver's license is "Cardinale." That is also how she signed both applications:



See March 9, 2020 Application (Attachment A)

* * * *



See March 10, 2020 Application (Attachment B)

● On the March 10 application, Ms. Cardinale printed "Cardinale" as her last name (under "Owner Information" in the "Last Name" box ):



● The County and the Department of Justice know that "Stucky" is a name my client Connie Ann Cardinale has lawfully used (my client is a female and that was her married last name) and know that "Cardinale" is the name on her current driver's license. See the DMV information under my client's driver's license number N9714618 and the Department of Justice's criminal history records maintained for my client under her CII #A32273140:

```
CII/A32273140
DOB/1953          SEX/F  RAC/UNKNOWN
HGT/505   WGT/116  EYE/HAZ   HAI/RED   POB/TX
NAM/001 STUCKY,CONNIE ANN
    002 SONS,CONNIE ANN
    003 CARDINALE,CONNIE A
    004 STUCKY,CONNIE A

DMV/N        8
SOC/     2223
MDS/CON 95641200
* * * *
```

Despite Ms. Cardinale's re-submissions of the applications for release along with explanations for why "Stucky" appears as an aka, and even though both Sacramento County and the Bureau know my client lawfully owns the firearms, has no criminal record and further know that when my client resided in Placer County she had been issued CCW permits, the Bureau and the Sheriff's Department refuses to return her firearms to her.

*My Request*

Please be advised that the continuing seizure of my client's firearms violates her due process and Fourth Amendment rights. Consequently, if her firearms are not released to her by Friday, June 26, 2020, Plaintiff will file suit seeking declaratory and injunctive relief against Sacramento County and the State of California.

If you have any questions, do not hesitate to contact me. Thank you.

Sincerely,

Donald W. Cook

DWC:ms
enc

# RE: Sacramento Sheriff's Report #19-455580 / client Connie A. Cardinale

| | |
|---|---|
| **From:** | DA Office <daoffice@sacda.org> |
| **To:** | "Donald W. Cook" |
| **Subject:** | RE: Sacramento Sheriff's Report #19-455580 / client Connie A. Cardinale |
| **Date:** | Jun 12, 2020 12:49 PM |
| **Attachments:** | image001.png |

Mr. Cook,

Our records indicate our office issued a property release that was sent to the Sheriff's Department on 2/26/20.



**Sacramento District Attorney's Office**
901 G Street | Sacramento, CA 95814
*seek justice. serve justice. do justice.*

**From:** Donald W. Cook <doncook@earthlink.net>
**Sent:** Friday, June 12, 2020 12:25 PM
**To:** info@sacsheriff.com; DA Office <daoffice@sacda.org>
**Subject:** Sacramento Sheriff's Report #19-455580 / client Connie A. Cardinale

Sheriff Jones, District Attorney Schubert:

Attached PDF file is my 6/12/20 letter seeking the return of my client's firearms.

donald w. cook
attorney at law
3435 wilshire blvd., ste. 2910
los angeles, ca 90010
(213) 252-9444 / (213) 252-0091 facsimile


SACRAMENTO COUNTY DISTRICT ATTORNEY'S EMAIL DISCLAIMER: This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by other than the Sacramento County District Attorney's Office or the intended recipient is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

**ATTACHMENT E**