**DONALD W. COOK**, CSB 116666
ATTORNEY AT LAW
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA 90010
(213) 252-9444; (213) 252-0091 facsimile
E-mail: manncook@earthlink.net

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONNIE A. CARDINALE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>XAVIER BECERRA, an individual sued in his official capacity only; SCOTT R. JONES, an individual sued in his official and individual capacities; COUNTY OF SACRAMENTO, a governmental entity; SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, a public entity; CLINTON ROBINSON (#305), an individual sued in his official and individual capacities; and Does 1 through 20, all sued in their individual capacities,<br><br>Defendants. | Case No. 2:20-cv-1325-MCE-CKD<br><br>**NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: 8/20/20<br>Time: 2:00 p.m.<br>Ctrm: 7 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 20, 2020, at 2:00 p.m., or as soon thereafter as counsel may be heard, in Courtroom 7 of the above Court, located at 501 I Street, Sacramento, California, before the Hon. Morrison C. England, Jr., Plaintiff will move the Court for an injunction commanding defendants, and each of them, to immediately release and return to Plaintiff, the following items of personal property:

-1-

00139568.WPD

- Kahr semi-automatic 9mm handgun, model CW9, serial #EF3234;
- Smith & Wesson semi-automatic .40 caliber handgun, model SW40F, serial #PAH7163;
- Smith & Wesson .38 caliber revolver, model 6422, serial #CPR8043;
- Remington pump action .20 caliber shotgun, model 870, serial #RS50085H;
- Savage bolt action rifle, .243 caliber, model 99E, serial #1111846; and
- Ruger semi-automatic .22 caliber rifle, model 10-22, serial #35754232.

This motion will be pursuant to F.R.Cv.P. 65(a), and will be supported by the attached memorandum of points and authorities, the separately-filed declarations of Plaintiff Connie A. Cardinale and her counsel Donald W. Cook and exhibits thereto (doc. 10-1), the records and file of this case, and whatever matter is offered in support at the hearing on the motion.

Pursuant to L.R. 231(d), Plaintiff informs the Court that she does not intend to present oral testimony at the motion hearing, and further anticipates no more than about 30 to 45 minutes of argument.

DATED: July 20, 2020

**DONALD W. COOK**
Attorney for Plaintiff

By_____
Donald W. Cook

-2-

00139568.WPD

TABLE OF CONTENTS

Page

I. Case Overview and Relief Requested. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
II. Factual Background. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
III. The Court Should Issue A Preliminary Injunction. . . . . . . . . . . . . . . . . . . . . . . . . 9
    A. Standards For Issuance Of Preliminary Injunction. . . . . . . . . . . . . . . . . . . . . 9
    B. Plaintiff Is Likely To Prevail On The Merits. . . . . . . . . . . . . . . . . . . . . . . . 10
    C. Plaintiff Is Suffering Irreparable Harm. . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
    D. The Balance of Hardships Strongly Favors Plaintiff. . . . . . . . . . . . . . . . . . 13
    E. The Public Interest Strongly Favors Plaintiff. . . . . . . . . . . . . . . . . . . . . . . 13
IV. The Court Should Waive the Posting of a Bond. . . . . . . . . . . . . . . . . . . . . . . . . . 14
V. Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Table of Authorities

Page(s)
*Cases*
*Assoc. General Contractors v. Coalition for Economic Equity*,
   950 F.2d 1401 (9th Cir. 1991) .................................................. 13

*Brewster v. Beck*,
   859 F.3d 1194 (9th Cir. 2017) ............................................... 11, 12

*Bryte v. City of La Mesa*,
   207 Cal.App.3d 687 (1989) ..................................................... 10

*District of Columbia v. Heller*,
   554 U.S. 570 (2008) ........................................................... 10

*Doctor's Assocs., Inc. v. Stuart*,
   85 F.3d 975 (2nd Cir. 1996) ................................................... 14

*Fuentes v. Shevin*,
   407 U.S. 67 (1972) ............................................................ 10

*Justin v. City of Los Angeles*,
   2000 U.S. Dist. LEXIS 17881 (C.D. Cal. 2000) .................................. 14

*MacDonald v. City of Chicago*,
   561 U.S. 742 (2010) ........................................................... 11

*Messerschmidt v. Millender*,
   565 U.S. 535 (2012) ........................................................... 12

*Millender v. County of Los Angeles*,
   620 F.3d 1016 (9th Cir. 2010) (*en banc*) ..................................... 12

*Monterey Mechanical Co. v. Wilson*,
   125 F.3d 702 (9th Cir.1997) ................................................... 13

*Nelson v. NASA*,
   530 F.3d 865 (9th Cir. 2008) .................................................. 13

*Panzella v. Sposato*,
   863 F.3d 210 (2nd Cir. 2017) .................................................. 10

*United States v. Jacobsen*,
   466 U.S. 109 (1984) ........................................................... 11

*United States v. James Daniel Good Real Property*,
   510 U.S. 43 (1993) ............................................................ 10

| | |
|---|---|
| *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008) | 10 |

***Constitution / Statutes / Rules of Court***

| | |
|---|---|
| Cal. Pen. Code § 148 | 8 |
| Cal. Pen. Code § 245 | 8 |
| Cal. Pen. Code § 29800 | 8, 12 |
| Cal. Pen. Code § 368 | 8 |
| Federal Rules of Civil Procedure 65 | 14 |
| Title 42, United States Code § 1983 | 6 |
| U.S. Const., Amend. II | 10, 13, 14 |
| U.S. Const., Amend. IV | 11, 12, 14 |
| U.S. Const., Amend. XIV | 10, 14 |

# MEMORANDUM OF POINTS AND AUTHORITIES

**I. Case Overview and Relief Requested.**

In this action under 42 U.S.C. § 1983, Plaintiff Connie A. Cardinale sues California Attorney Xavier Becerra (official capacity only), Sacramento County, its Sheriff's Department ("SCSD") and Sacramento Sheriff Scott R. Jones, and Sacramento Sheriff's Deputy Clinton Robinson. Plaintiff alleges violations of her Second, Fourth, Fifth and Fourteenth Amendment rights. More specifically and as regards the present motion, the SCSD seized six firearms lawfully owned and possessed by Plaintiff, and now refuses to release and return the firearms to her despite the absence of any constitutional justification for the ongoing wrongful seizure of the firearms. Plaintiff, both herself and her counsel, have made repeated demands that defendants return the firearms; defendants refuse. Because defendants' continuing seizure of Plaintiff's firearms is an ongoing violation of her constitutional rights, Plaintiff faces irreparable injury. Plaintiff thus requests this Court's injunction commanding defendants to release to Plaintiff forthwith, her six firearms seized December 25 and 26, 2019.

**II. Factual Background.**

On Christmas day 2019, Plaintiff Connie Cardinale, 66 years of age, invited her adult son, Ryan Stucky (age 29) to her home for a holiday dinner. Ryan Stucky suffers from schizophrenia and, unfortunately, had not been taking his required medication. Ryan began arguing with his mother. Without warning, he suddenly became violent. Using his hands and feet and then a wooden dowel, he struck and hit Ms. Cardinale repeatedly, seriously injuring her. Ms. Cardinale fled into her bedroom's bathroom, locked and barricaded the door. She managed to get text messages to a friend seeking help. In turn, her friend called 911. Meanwhile, Ryan fled. When he fled, he took with him his mother's .38 caliber Smith & Wesson revolver that she had kept under her bed's pillow (but which had been exposed during the course of the assault inside her bedroom). Cardinale decl.

¶2 & **Exhibit G** (Deputy Garrison's report) (doc. 10-1).

SCSD deputies responded that evening, December 25. After summoning medical aid for Ms. Cardinale, the deputies searched her home. The deputies entered Ms. Cardinale's bedroom walk-in closet and seized Ms. Cardinale's lawfully acquired and owned three long guns: (1) Remington 870 Pump .20-caliber Shotgun, serial number RS50085H; (2) Savage 99E Bolt Action 243-caliber Rifle, serial number 1111846; and (3) Ruger 10-22 Semi-Automatic .22-caliber Rifle, serial number 35754232). The deputies took the firearms "for safe keeping at the [SCSD] North Area Station"; the deputies made no claim that the long guns were seized as evidence of any type. **Exhibit G & H**.

The following day, December 26, SCSD deputies returned to Ms. Cardinale's home. They now had a search warrant, procured by Deputy Clinton Robinson (a defendant). Among other items, the warrant sought the seizure of *all* of Ms. Cardinale's firarms because supposedly they were "used as the means of committing a felony" and they "tend[] to show that a felony has been committed or that a particular person has committed a felony." **Exhibit A** @ page 9 (doc. 10-1). Deputy Robinson made this claim even though he knew, per the reports he reviewed, that:

- Ryan Stucky did *not* use, nor did he threaten to use, *any* firearm;
- The *only* crime involving a firearm was when Ryan took his mother's .38 caliber Smith & Wesson revolver before fleeing, thereby violating Cal. Penal Code § 29800(a)(1) (felon in possession of firearm);
- And finally, the only firearm at issue was specifically described as "a .38 caliber Smith & Wesson 642 (serial #CPR8043)."

Cardinale decl. ¶6; Cook decl. ¶5 & **Exhibits G** and **H** thereto.

Armed with the warrant, on December 26 the deputies demanded that Ms. Cardinale give them the combination to her safe in her home where she had secured her

two remaining firearms, both handguns: a Smith & Wesson .40-caliber semi-automatic, serial number PAH7163; and a Kahr 9MM semi-automatic, serial number EF3234. Fearing further damage to her property if she did not comply, Ms. Cardinale gave the deputies the combination. Whereupon the deputies opened the safe and seized the two handguns. Cardinale decl. ¶4.

That same day, December 26, the deputies took Ryan Stucky into custody. He had been hiding in a barn / workshop located on his mother's property. After arresting Ryan, deputies found and seized from inside the barn, his mother's .38 caliber revolver Ryan took the day before. Cardinale decl. ¶5; **Exhibit G** @ page 36 (doc. 10-1).

Since his arrest Ryan has been in custody continuously. He was charged with violating Cal. Penal Code §§ 245(a)(4) (assault with deadly weapon other than a firearm), 368(b)(1) (infliction of serious harm on an elder), 29800(a)(1) (felon in possession of firearm) and 148(A)(1) (resisting / delaying a police officer). On February 26, 2020, he pled no contest to the § 245(a)(4) charge, while the other charges were dismissed. He was sentenced to a four year state prison term. Cook decl. ¶2 (doc. 10-1).

Even though all of the firearms the deputies seized were lawfully owned and properly registered by Ms. Cardinale, at no time has anyone given her any notice of how and when she can regain possession of her firearms. Defendants have never given her notice of any hearing at which she can seek her firearms' return. Cardinale decl. ¶7. Defendants have not done so even though on February 26, 2020, the prosecutor in her son's criminal case informed Ms. Cardinale that his office would notify the Sheriff's Department to release her firearms. Cardinale decl. ¶¶7-8. This fact was later confirmed by the prosecutor's office. Cook decl. ¶7 & **Exhibit J** thereto.

Upon being told by the prosecutor she could reclaim her firearms, in March Ms. Cardinale contacting the SCSD. That defendant told Ms. Cardinale she must first obtain authorization from the California Department of Justice ("CDOJ"), Bureau of Firearms,

before the SCSD will release her firearms. So on March 9 and 10, 2020, Ms. Cardinale submitted to the CDOJ's Bureau of Firearms two applications - one for the handguns and one for long guns. See **Exhibits B** and **C**. The Bureau finally responded on My 4, 2020. The Bureau refused to authorize her firearms' release because Ms. Cardinale stated "Stucky" was her last name when she was married (divorced in the early 1990s) and consequently, "Stucky" still appears on some financial records. The Bureau demands that Ms. Cardinale produce a marriage license from over 30 years ago to show that she had, in fact, used the name "Stucky." Cardinale decl. ¶¶8-11 & **Exhibits B** through **D**.

The Bureau makes this demand even though the Bureau *knows* "Stucky" was a name Ms. Cardinale lawfully used as a married name; *knows* she has no criminal record; *knows* she is the lawful owner of the six firearms; *knows* none of the firearms are wanted as evidence or contraband; *knows* Ms. Cardinale seeks her firearms for self-protection; and *knows* there is no longer (assuming if there ever was) a lawful basis to deny Ms. Cardinale her firearms. Cardinale decl. ¶¶10-12; Cook decl. ¶¶5-7 & **Exhibits J & K** thereto.

Finally, despite her attorney's written request served on defendants seeking the release of Ms. Cardinale's firearms -- a request that included the proof of defendants' own *official* records establishing beyond any question that Ms. Cardinale's firearms should be returned to her -- defendants still refuse to release the firearms. Cook decl. ¶¶6-7 & **Exhibits K** and **J**.

**III. The Court Should Issue A Preliminary Injunction.**

**A. Standards For Issuance Of Preliminary Injunction.**

To issue a preliminary injunction, the Court considers four factors: (1) the likelihood of success on the merits; (2) the likelihood of irreparable harm in the absence of preliminary relief; (3) the balance of hardships between the two parties; and (4) the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). All four

-9-

factors cut heavily in favor of Plaintiff for granting the injunction.

**B. Plaintiff Is Likely To Prevail On The Merits.**

Even assuming the SCSD's December 25 and 26 seizures of Plaintiff's firearms were *initially* justified (they were not as to five of the six firearms at issue), the likelihood is strong that defendants' ongoing refusal to return the firearms is unconstitutional.

*First.* Defendants are withholding Plaintiff's firearms in violation of due process. Defendants have *never* provided Plaintiff with *any* opportunity to contest the firearms' seizures, or to seek their return. Cardinale decl. (doc. 10-1) ¶¶7, 11. Defendants' failure to do so violates the Fourteenth Amendment: "No State shall . . . deprive any person of property, without due process law." U.S. Const., Amend. XIV. Here, that meant providing Ms. Cardinale with "notice and an opportunity to" contest the seizure of her firearms. *United States v. James Daniel Good Real Property*, 510 U.S. 43, 49-50 (1993). To-date, defendants have not, Cardinale decl. (doc. 10-1) ¶¶10-11, and show no interest whatsoever in ever doing so, Cook decl. (doc. 10-1) ¶¶6-7, **Exhibit J** thereto and Attachment D to Complaint filed July 1, 2020.

Defendants' violation of due process is egregious. *Panzella v. Sposato*, 863 F.3d 210, 218-19 (2nd Cir. 2017) (Second Circuit holds that defendants' failure to return to the plaintiff her firearms except through a long and arduous administrative process, violated due process); *Bryte v. City of La Mesa*, 207 Cal.App.3d 687, 689 (1989) ("There is no question but that firearms and weapons are 'property' and, accordingly, that the due process clauses of the federal and state Constitutions apply to their seizure. A person's property may not be confiscated by the state without 'some kind of notice and opportunity to be heard.' " [quoting *Fuentes v. Shevin*, 407 U.S. 67, 79-80 (1972)]).

*Second.* Defendants' refusal to return to Plaintiff her lawfully acquired and lawfully possessed firearms, is a blatant violation of her Second Amendment rights. *District of Columbia v. Heller*, 554 U.S. 570, 635 (2008); *MacDonald v. City of Chicago*, 561 U.S.

742, 791 (2010). Ms. Cardinale, the firearms' lawful owner, was never suspected of any crime, let alone a crime involving a firearm. Furthermore, as to five of the six firearms at issue, *none* were connected to *any* crime, or other unlawful or dangerous use. Cook decl. ¶¶3-5 & **Exhibits F** and **G** thereto. And as to the one that had a connection to a crime -- the .38 caliber handgun Ryan Stucky, a convicted felon, took possession of when he fled Ms. Cardinale's home (Cook decl. ¶3 & **Exhibit G** thereto) -- that interest evaporated February 26, 2020. On that day (Ryan Stucky's sentencing date) the prosecuting authority informed the SCSD that the revolver could be returned to Ms. Cardinale. Cook decl. ¶7 & **Exhibit J** thereto.

*Third*. Defendants' refusal to return the firearms they seized, is an ongoing violation of Ms. Cardinale's Fourth Amendment rights. By taking physical possession of Ms. Cardinale's six firearms, defendants' effected Fourth Amendment seizures. *United States v. Jacobsen*, 466 U.S. 109, 113 (1984) (Fourth Amendment "seizure" occurs when "there is some meaningful interference with an individual's possessory interests in that property."). Even if there was justification for the initial seizures, that justification has long since lapsed or expired:

    ● Assuming community caretaking justification for the December 25 seizures of Ms. Cardinale's three long guns, **Exhibit G** @ page 38 (doc. 10-1), that justification vanished upon the SCSD taking Ryan Stucky into custody on December 26 and Ms. Cardinale seeking the return of her firearms. *Brewster v. Beck*, 859 F.3d 1194, 1196-97 (9th Cir. 2017) (Property seized without a warrant and pursuant to community caretaking, must be released to the owner upon the owner's demand).

    ● For the two semi-automatic handguns taken from Ms. Cardinale's gun safe on December 26 pursuant to the search warrant, the purported justification -- the handguns were evidence of crime -- was patently false. Cardinale decl. ¶6; Cook

-11-

decl. ¶¶3, 5 & **Exhibits F**, **G** and **H** thereto (no firearm was used in the assault on Ms. Cardinale). Furthermore, the only firearm involved in an underlying crime (felon Ryan Stucky fled with the .38 caliber handgun, see Cal. Pen. Code § 29800(a)(1)) was specifically known to be a "Handgun Serial Number: cpr8043 (.38 revolver)" (**Exhibit F** @ page 26; see also **Exhibit G** @ page 35). Hence, the seizure of Ms. Cardinale's other handguns were unlawful. *Millender v. County of Los Angeles*, 620 F.3d 1016, 1025-27 (9th Cir. 2010) (*en banc*) (Warrant authorizing seizure of *all* firearms when police knew that the only firearm involved in crime was a " 'black sawed off shotgun with a pistol grip,' " was overbroad in violation of the Fourth Amendment), *overruled on oth. grds. sub. nom.*, *Messerschmidt v. Millender*, 565 U.S. 535 (2012).[1]

● And even were it true as of December 26 that the two handguns taken from Ms. Cardinale's gun safe could be considered evidence of crime, that justification expired no later than February 26, 2020, when the prosecuting authority informed SCSD that it no longer needed any of the firearms. Cardinale decl. ¶8; Cook decl. ¶7 & **Exhibit J** thereto; *Brewster v. Beck*, 859 F.3d at 1196 (when Fourth Amendment justification for property seizure expires, continued withholding of the property is an unreasonable seizure absent new justification).

● The only weapon properly seized, the .38 caliber revolver Ryan Stucky took, was seized as evidence of crime (since Ryan Stucky could not lawfully take possession). But that justification expired February 26, 2020. Cardinale decl. ¶8; **Exhibit J**; *Brewster*, *supra*.

///

---

[1] The Supreme Court held that the deputy who swore out the affidavit seeking seizure of all firearms, had qualified immunity on the *second* prong -- law not clearly established.

**C. Plaintiff Is Suffering Irreparable Harm.**

For every day defendants withhold from Plaintiff her firearms, she is being deprived of not only her property protected by the due process clause, but also of her firearms, a species of property specifically protected under the Second Amendment. As a matter of law, this wrongful property deprivation is irreparable harm. *Monterey Mechanical Co. v. Wilson*, 125 F.3d 702, 715 (9th Cir.1997) (" '[C]onstitutional infringement will alone constitute irreparable harm.' " (*quoting Assoc. General Contractors v. Coalition for Economic Equity*, 950 F.2d 1401, 1412 (9th Cir. 1991)); *see also Nelson v. NASA*, 530 F.3d 865, 882 (9th Cir. 2008) ("Unlike monetary injuries, constitutional violations cannot be adequately remedied through damages and therefore generally constitute irreparable harm.").

Here, the likely unconstitutionality of defendants' ongoing refusal to return Plaintiff's firearms, strongly favors a finding of irreparable harm. *Monterey Mechanical Co.*, 125 F.3d at 715 (Defendants' actions are likely unconstitutional; Ninth Circuit thus vacates trial court's denial of injunctive relief because of the likelihood of irreparable harm).

**D. The Balance of Hardships Strongly Favors Plaintiff.**

Significantly, granting the preliminary injunction imposes no hardship on defendants. The prosecuting authority in Ryan Stucky's criminal case has admitted the continuing seizure of Plaintiff's firearms serves no prosecutorial interest. Furthermore, defendants have implicitly conceded there is no hardship that factors against the return of the firearms when defendants made their (ridiculous and unnecessary) demand for Plaintiff's 30 some year old marriage license (see Cardinale decl. ¶9 and **Exhibit D** thereto).

**E. The Public Interest Strongly Favors Plaintiff.**

No public interest is being served by denying Plaintiff, the lawful owner of the

firearms defendants seized, the return of her firearms. Just the opposite. By ordering defendants to return the firearms, the public interest is served by (a) upholding a person's Second Amendment right to own and possess in her home her firearms, and (b) restoring to Plaintiff her property defendants are withholding in violation of Ms. Cardinale's Second, Fourth and Fourteenth Amendment rights.

**IV. The Court Should Waive the Posting of a Bond.**

Federal Rule of Civil Procedure 65(c) requires that the moving party post a bond as a condition of a preliminary injunction. This Court has the discretion to waive this requirement where there is "no proof of likelihood of harm to the party enjoined." *Justin v. City of Los Angeles*, 2000 U.S. Dist. LEXIS 17881 (C.D. Cal. 2000) at *6 (*citing Doctor's Assocs., Inc. v. Stuart*, 85 F.3d 975, 985 (2nd Cir. 1996)). For the reasons set forth above, there is no evidence of any likelihood of harm to defendants. Ordering defendants to return to Plaintiff her firearms and thereby terminate the ongoing constitutional violations, imposes no "harm" on defendants.

**V. Conclusion.**

For the foregoing reasons, the Court should issue the preliminary injunction as requested.

DATED: July 20, 2020

                    **DONALD W. COOK**
                    Attorney for Plaintiff

By: _/s/ Donald W. Cook_
                Donald W. Cook