| | |
|---|---|
| 1 | XAVIER BECERRA, State Bar No. 118517<br>Attorney General of California |
| 2 | CATHERINE WOODBRIDGE, State Bar No. 186186<br>Supervising Deputy Attorney General |
| 3 | JOHN C. BRIDGES, State Bar No. 248553<br>Deputy Attorney General |
| 4 | 1300 I Street, Suite 125<br>P.O. Box 944255 |
| 5 | Sacramento, CA 94244-2550<br>Telephone: (916) 210-7529 |
| 6 | Fax: (916) 322-8288<br>E-mail: John.Bridges@doj.ca.gov |
| 7 | *Attorneys for Defendant Xavier Becerra* |

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONNIE CARDINALE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>XAVIER BECERRA, an individual sued in his official capacity only; SCOTT R. JONES, an individual sued in his official and individual capacities; COUNTY OF SACRAMENTO, a governmental entity; SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, a public entity; CLINTON ROBINSON (#305), an individual sued in his official and individual capacities; and Does 1 through 20, all sued in their individual capacities,<br><br>Defendants. | Case No.: 2:20-CV-1325 MCE CKD<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: August 20, 2020<br>Time: 2:00 p.m.<br>Courtroom: 7<br>Judge: Honorable Morrison C. England, Jr.<br>Trial Date: N/A<br><br>Action Filed: July 1, 2020 |

**TO PLAINTIFF CONNIE A. CARDINALE AND HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on August 20, 2020, at 2:00 p.m., or as soon thereafter as the matter may be heard before the Honorable Morrison C. England, Jr., in Courtroom 7 of the United States District Court located at 501 I Street, Sacramento, California 95814, Defendant

1

Defendant's Notice of Motion and Motion to Dismiss Plaintiff's Complaint for
Injunctive Relief and Damages; Memo of P&A's (2:20-CV-1325 MCE CKD)

Xavier Becerra will, and hereby does, move this Court for an Order dismissing Plaintiff's Complaint for Injunctive Relief and Damages.

Defendants move to dismiss the Complaint under Federal Rules of Civil Procedure 12(b)(6) on the following grounds: (1) Plaintiff fails to state a cognizable claim, and (2) Plaintiff's suit is barred by sovereign immunity under the Eleventh Amendment.

This Motion is based on this Notice of Motion and Motion to Dismiss; the accompanying Memorandum of Points and Authorities; all pleadings and papers on file in this action; and such other matters as the Court may deem appropriate.

Dated: July 22, 2020

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
CATHERINE WOODBRIDGE
Supervising Deputy Attorney General

*/s/ John C. Bridges*

JOHN C. BRIDGES
Deputy Attorney General
*Attorneys for Defendant Xavier Becerra*

2

Defendant's Notice of Motion and Motion to Dismiss Plaintiff's Complaint for Injunctive Relief and Damages; Memo of P&A's (2:20-CV-1325 MCE CKD)

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

The Complaint for Injunctive Relief and Damages (ECF No. 1, hereinafter "Complaint") filed by Plaintiff Connie A. Cardinale alleges one claim for unlawful ongoing seizures against California Attorney General Xavier Becerra in his official capacity. However, the Complaint fails to adequately identify any conduct by Attorney General Becerra that would constitute an affirmative act in his official capacity resulting in the alleged violation of her Constitutional Rights under 42 U.S.C. § 1983. Plaintiff seemingly attributes the conduct of unnamed employees of the California Bureau of Firearms (hereinafter, "Bureau"), which is a section within the California Department of Justice, as the individuals who allegedly participated in the ongoing seizure of her personal firearms. The Complaint fails to allege any involvement by Attorney General Becerra beyond being the "policy maker" for his agency, thereby having "the authority to order or direct that the firearms be returned to Plaintiff." (ECF No. 1, p. 9, ll. 9-10.)

To the extent the Complaint might be construed to state a claim against Attorney General Becerra, the claims are barred by the Eleventh Amendment.

For the reasons discussed herein, the Court should dismiss the Complaint without leave to amend.

## STATEMENT OF FACTS

### I. FACTS ALLEGED IN THE COMPLAINT

The Complaint alleges that Attorney General Xavier Becerra was at all relevant times the duly elected Attorney General for the State of California, and the head of the California Department of Justice. The Complaint further alleges that Plaintiff sues Attorney General Becerra in his official capacity only. (ECF No. 1, p. 2, ll. 12-18.)

The Complaint contains two causes of action, although the First Cause of Action for Unlawful Ongoing Seizure, in which she seeks injunctive relief, is alleged against Attorney General Becerra.

///

The Complaint alleges that Plaintiff's son, who suffers from schizophrenia, assaulted her on December 25, 2019, at her home. She called 911, and Sacramento County Sheriff Deputies arrived at her home and conducted a search for her son, who had already fled the premises. During the search, the deputies found three long guns belonging to Plaintiff. They seized the firearms and left. The following day, the deputies returned and found Plaintiff's son hiding in a separate storage structure on Plaintiff's property. Following the apprehension of Plaintiff's son, the deputies executed a search warrant and discovered two semi-automatic pistols in Plaintiff's home. The deputies also found Plaintiff's .38 caliber revolver that her son had taken from her bedroom into the separate storage structure the day before, without her consent. Her son was subsequently booked into the Sacramento County Jail until February 26, 2020, at which time a Sacramento Superior Court judge sentenced him to a four year state prison sentence, where he is now incarcerated.

Plaintiff sought the return of her firearms by contacting the Deputy District Attorney assigned to her son's case. He told her to contact the Sheriff's Department. The Sheriff's Department told her that she needed authorization from the DOJ Bureau of Firearms before the firearms could be released to her. She submitted a "Law Enforcement Gun Release Application" to the Bureau in March 2020, which was rejected because the last name on her driver's license did not match the name on the application. She responded by explaining that she occasionally uses the last name from her prior marriage for business records. The Bureau then requested a copy of her marriage certificate. She retained a lawyer who sent a letter to the Bureau on June 12, 2020, requesting the return of the firearms. Upon receiving no response from the Bureau, Plaintiff filed this Complaint.

## ARGUMENT

### I. THE LEGAL STANDARD FOR GRANTING THE MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed for "failure to state a claim upon which relief can be granted." A motion to dismiss attacks the sufficiency of the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim

4

showing that the pleader is entitled to relief." This requirement ensures the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). While Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the plaintiff is entitled to relief," it demands more than unadornment or a mere accusation of harm. Fed. R. Civ. P. 8; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The statement must include enough facts to suggest a right to relief. *Twombly*, 550 U.S. at 555. Thus, the statement must have "enough heft to show that the pleader is entitled to relief" and must "raise a right to relief above a speculative level." *Id.* at 557.

In ruling on a motion to dismiss, the court accepts "as true all of the factual allegations contained in the complaint." *Twombly*, 550 U.S. at 572. To survive a motion to dismiss for failure to state a claim, the plaintiff must provide enough facts to state a claim for relief that is plausible on its face. *Id.* at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The motion should be granted if it appears to a certainty that plaintiff would be entitled to no relief under any facts which could be proven. *Alonzo v. AFC Property Management, Inc.* 643 F. 2d 578, 579 (9th Cir. 1981). A complaint that merely offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 [citing *Twombly*, 550 U.S. at 555]. Thus, a court considering a motion may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth. *Id.* at 680.

Furthermore, "leave to amend may be denied…if amendment of the complaint would be futile…. If the district court determines that the 'allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency,' then the dismissal without leave to amend is proper." *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000).

///

///

///

5

## II. PLAINTIFF FAILS TO ALLEGE SUFFICIENT FACTS TO STATE A CLAIM AGAINST ATTORNEY GENERAL BECERRA

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege an actual connection between the actions of the named defendants and the alleged deprivations. *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

Here, there are no specific allegations against Attorney General Becerra. The Complaint fails to adequately identify any conduct by Attorney General Becerra. In fact, the only alleged involvement is as a "policy maker" in his official capacity. The Complaint is devoid of any allegations of knowledge or ratification of the withholding of Plaintiff's firearms by Attorney General Becerra. Even the letter from Plaintiff's attorney to the Bureau, dated June 12, 2020, and attached to the Complaint as Exhibit D, is directed to the "Bureau of Firearms, Calif. Dept. of Justice." It is not addressed to Attorney General Becerra. Plaintiff alleges that when she sought authorization from the Bureau to return her firearms, she was "rebuffed for trivial and unlawful reasons." The allegedly unlawful reason was Plaintiff's unwillingness to provide documentation to confirm her identity before releasing firearms to her. Regardless of the reason, there is simply no allegation anywhere on the face of the Complaint to create a causal connection between Attorney General Becerra and the withholding of Plaintiff's firearms. Thus, Plaintiff has not alleged "enough facts to state a claim for relief that is plausible on its face," *Twombly*, 550 U.S. at 570, to sustain any cause of action against Attorney General Becerra.

///

///

6

Defendant's Notice of Motion and Motion to Dismiss Plaintiff's Complaint for Injunctive Relief and Damages; Memo of P&A's (2:20-CV-1325 MCE CKD)

The allegations set forth in the complaint are insufficient to place Attorney General Becerra on notice as to his alleged causal role in causing Plaintiff harm. As a result, the First Cause of Action alleged against Attorney General Becerra must be dismissed.

### III. PLAINTIFF'S CLAIMS AGAINST ATTORNEY GENERAL BECERRA ARE BARRED BY THE ELEVENTH AMENDMENT

The Complaint should also be dismissed because the claims are barred by the Eleventh Amendment, which generally prohibits lawsuits against states and state officers in federal court unless the state has unequivocally consented to such a suit or Congress has abrogated the state's immunity. U.S. Const. amend XI; *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984), see also *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995) ("The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, an 'arm of the state,' its instrumentalities, or its agencies.") The Eleventh Amendment's jurisdictional bar applies regardless of the nature of the relief sought, including declaratory and injunctive relief. *See id.* at 101 (1984); *see also S. Pac. Transp. Co. v. City of L.A.*, 922 F.2d 498, 508 (9th Cir. 1990) (affirming dismissal of declaratory and injunctive relief claims). Here, the State of California has neither consented to nor waived its sovereign immunity with regard to the legal theories asserted in the Complaint. The Court should thus dismiss all claims in this suit.

The Supreme Court has recognized a limited exception to Eleventh Amendment immunity in *Ex parte Young*, 209 U.S. 123 (1908), which permits "actions for prospective declaratory or injunctive relief against state officers in their official capacities for their alleged violations of federal law." *Coal. to Defend Affirmative Action v. Brown*, 674 F.3d 1128, 1134 (9th Cir. 2012). However, for that exception to apply, the state officer must have a connection with the enforcement of the allegedly unconstitutional statute. *Long v. Van de Kamp*, 961 F.2d 151, 152 (9th Cir. 1992). "This connection must be fairly direct; a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision will not subject an official to suit." *L.A. Cty. Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th Cir. 1992) (citing *Long*, 961 F.2d at 152). Further, "there must be a threat of enforcement." *Long*, 961 F.2d

7

at 152. "Absent a real likelihood that the state official will employ his supervisory powers against plaintiffs' interests, the Eleventh Amendment bars federal court jurisdiction." *Id.*

As discussed above, the Complaint fails to identify any specific conduct by Attorney General Becerra. There is no allegation of any direct connection between the Attorney General and any constitutional violations alleged by Plaintiff. To the extent that Plaintiff asserts that the Attorney General has a general supervisory control over the Bureau as identified in the Complaint, such a "'general duty to enforce California law' is plainly insufficient to invoke the *Ex parte Young* exception to Eleventh Amendment immunity." *Bolbol v. Brown*, 120 F. Supp. 3d 1010, 1018 (N.D. Cal. 2015) (quoting *Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 943 (9th Cir. 2013)).

Accordingly, Plaintiff's claims against Attorney General Becerra should be dismissed as barred by the Eleventh Amendment.

## CONCLUSION

For the reasons stated above, Defendant respectfully requests that this Court grant the motion to dismiss. Because the defects in the Complaint cannot be cured by amendment, the motion should be granted without leave to amend.

Dated: July 22, 2020

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
CATHERINE WOODBRIDGE
Supervising Deputy Attorney General

**/s/ John C. Bridges**
JOHN C. BRIDGES
Deputy Attorney General
*Attorneys for Defendant Xavier Becerra*

SA2020302275
34253385.docx

8

Defendant's Notice of Motion and Motion to Dismiss Plaintiff's Complaint for
Injunctive Relief and Damages; Memo of P&A's (2:20-CV-1325 MCE CKD)

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

## Form 15. Certificate of Service for Electronic Filing

**Case Number(s)**      2:20-CV-1325 MCE CKD

I hereby certify that I electronically filed the foregoing/attached document(s) on this date with the Clerk of the Court for the United States District Court Eastern District using the CM/ECF Electronic Filing system.

**Service on Case Participants Who Are Registered for Electronic Filing:**
[X] I certify that I served the foregoing/attached document(s) via email to all registered case participants on this date because it is a sealed filing or is submitted as an original proceeding and therefore cannot be served via the CM/ECF Electronic Filing system.

**Service on Case Participants Who Are NOT Registered for Electronic Filing:**
[X] I certify that I served the foregoing/attached document(s) on this date by hand delivery, mail, third party commercial carrier for delivery within 3 calendar days, or, having obtained prior consent, by email to the following (unregistered) case participants *(list each name and mailing/email address)*:

Donald W. Cook, Esq.
Law Office of Donald W. Cook
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA 90010
E-mail: doncook@earthlink.net
*Counsel for Plaintiff*

**Description of document(s)** *(required for all documents)*:

| |
|---|
| DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES; MEMORANDUM OF POINTS AND AUTHORITIES |

I declare under penalty of perjury under the laws of the State of California, that the foregoing is true and correct and that this declaration was executed on July 22, 2020, at Sacramento, California.

_____TAMARA J. YEH_____        _____/s/ Tamara J. Yeh_____

SA2020302275
34253401.docx