1   **DONALD W. COOK**, CSB 116666
    ATTORNEY AT LAW
2   3435 Wilshire Blvd., Suite 2910
    Los Angeles, CA  90010
3   (213) 252-9444; (213) 252-0091 facsimile
    E-mail: manncook@earthlink.net
4
    Attorney for Plaintiff
5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                  **EASTERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  CONNIE A. CARDINALE, an individual, | Case No. 2:20-cv-1325-MCE-CKD |
| 12              Plaintiff, | **PLAINTIFF'S OPPOSITION** |
| 13  vs. | **TO MOTION TO DISMISS BY DEFENDANT BECERRA;** |
| 14  XAVIER BECERRA, an individual sued | **MEMORANDUM OF POINTS AND AUTHORITIES;** |
| 15  in his official capacity only; SCOTT R. JONES, an individual sued in his official | **DECLARATION OF DONALD W. COOK** |
| 16  and individual capacities; COUNTY OF SACRAMENTO, a governmental entity; | Date: 8/20/20 |
| 17  SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, a public entity; | Time: 2:00 p.m. Ctrm: 7 |
| 18  CLINTON ROBINSON (#305), an individual sued in his official and | |
| 19  individual capacities; and Does 1 through | (Under submission) |
| 20  20, all sued in their individual capacities, | |
| 21              Defendants. | |

22

23

24

25

26

27

28

00139793.WPD

TABLE OF CONTENTS

Page

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

I. Overview and Why Defendant's Motion Should Be Denied. . . . . . . . . . . . . . . . . . 5

II. Becerra Is Not Entitled To Eleventh Amendment Immunity. . . . . . . . . . . . . . . . 5

III. The Complaint Alleges Constitutional Violations Against Becerra. . . . . . . . . . . 6

IV. Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

00139793.WPD

Table of Authorities

Page(s)

## *Cases*

*Brewster v. Beck,*
    859 F.3d 1194 (9th Cir. 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Cahill v. Liberty Mut. Ins. Co.,*
    80 F.3d 336 (9th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Clark v. Cohen,*
    794 F.2d 79 (3rd Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Coalition to Defend Affirmative Action v. Brown,*
    674 F.3d 1128 (9th Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

*Ex Parte Young,*
    209 U.S. 123 (1908) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Hydrick v. Hunter,*
    669 F.3d 937 (9th Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Idaho v. Coeur d'Alene Tribe of Idaho,*
    521 U.S. 261 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Los Angeles County Bar Association v. Eu,*
    979 F.2d 697 (9th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Milliken v. Bradley,*
    433 U.S. 267 (1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Quern v. Jordan,*
    440 U.S. 332 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Sharp v. Becerra,*
    393 F.Supp.3d 991 (E.D. Cal. 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Starr v. Baca,*
    652 F.3d 1202 (9th Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*United States v. James Daniel Good Real Property,*
    510 U.S. 43 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

## *Constitutions / Statutes / Rules of Court*

Cal. Const., Art. I § 31 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Cal. Const., Art. V § 13 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Cal. Pen. Code § 33850 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Cal. Pen. Code § 33855 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Cal. Pen. Code § 33865 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

U.S. Const., Amend. IV . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

U.S. Const., Amend. XI . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 13, 14

U.S. Const., Amend. XIV . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

00139793.WPD

**I. Overview and Why Defendant's Motion Should Be Denied.**

This case concerns the wrongful seizure (by the Sacramento County Sheriff's Department) of legally owned and possessed firearms from Plaintiff Connie Cardinale, a law-abiding firearms owner, and the subsequent refusal to return them.[1] Defendants include the Sacramento County Sheriff's Department ("SCSD") and California Attorney General Xavier Becerra (sued only in his official capacity). The SCSD will not return Ms. Cardinale's firearms unless and until California's Bureau of Firearms ("Bureau"), a sub-unit of the Department of Justice under the control and supervision of Attorney General Becerra, authorizes the return. The Bureau refuses to do because, the Bureau claims, it must first have Plaintiff's marriage license or certificate from some 30 years ago. As against Becerra, Plaintiff seeks an injunction commanding Becerra to direct the Bureau to authorize the release of Ms. Cardinale's firearms.

Becerra moves to dismiss the claim against him. He argues Eleventh Amendment immunity. He also contends the Complaint does not allege a constitutional violation for which he is responsible that justifies injunctive relief.

Both arguments fails. The law has long recognized that the Eleventh Amendment does not bar injunctive relief against state officials sued in their official capacity. And here, the Complaint's allegations establish that Becerra is the appropriate and responsible state official against whom an injunction should issue that brings to an end the ongoing violations of Ms. Cardinale's constitutional rights.

**II. Becerra Is Not Entitled To Eleventh Amendment Immunity.**

While damages claims against the state and its officials sued in their official capacity are generally barred by the Eleventh Amendment, *Quern v. Jordan*, 440 U.S. 332 (1979), claims that seek injunctive and/or declaratory relief are not. *Idaho v. Coeur*

---

[1] Sheriff's deputies seized Plaintiff's firearms from her home following a serious felony crime committed by Plaintiff's adult son. Upon the conclusion of her son's criminal proceedings and sentencing, Ms. Cardinale began seeking her firearms' return. Those are the basic facts; for more details see Plaintiff's Complaint (doc. 1 @ ¶¶ 11-21).

*d'Alene Tribe of Idaho*, 521 U.S. 261, 288 (1997) (reaffirming *Ex Parte Young's* exception to Eleventh Amendment Immunity for suits requesting declaratory and injunctive relief); *Milliken v. Bradley*, 433 U.S. 267, 273 (1977) (affirming lower court's injunction requiring State Board of Education to make desegregation changes in the school)*; Clark v. Cohen*, 794 F.2d 79 (3d Cir. 1986); *Ex Parte Young*, 209 U.S. 123, 166 (1908) (recognizing exception to Eleventh Amendment immunity for suits seeking declaratory and injunctive relief). This is not novel, as even Becerra concedes. Doc. 14 @ 7:18-21.

Thus the issue here is not immunity; it is does the Complaint adequately allege one or more ongoing constitutional violations for which Becerra can be commanded to bring to an end? The Complaint does.

## III. The Complaint Alleges Constitutional Violations Against Becerra.

As this Court held, "[o]n a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party." *Sharp v. Becerra*, 393 F.Supp.3d 991, 996 (E.D. Cal. 2019) (*citing Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996)).

Initially, the Court should note that Becerra does not argue the Complaint fails to allege ongoing violations of Ms. Cardinale's constitutional rights. Rather, Becerra argues the allegations do not state a causal connection between his conduct (and his failure to act) and the constitutional violations. Doc. 14 @ 6:13-26.  Consequently, Plaintiff will not explain the constitutional violations except as needed to show Becerra's culpability.

Regarding Becerra's responsibilities subjecting him to suit, the Court should reject Becerra's sloppy recital and misstatements of the Complaint's allegations.[2] The

---

[2] Defendant's motion impermissibly re-writes the allegations to favor the defense argument. Example: though the Complaint alleges "Plaintiff responded by explaining in writing that for business and financial reasons arising from her marriage that ended in divorce more than 20 years ago, 'Stucky' sometimes appears on financial and business

-6-

controlling allegations are those in the Complaint:

4.  Defendant Xavier Becerra ("Becerra"), an individual, was and is at all times material hereto, the duly elected Attorney General for the State of California, and the head of the California Department of Justice ("CDOJ"). As such, Becerra has final supervisory control over the CDOJ's Bureau of Firearms, and is responsible for issuing policy and directives to the Bureau of Firearms for the return and release to owners of their firearms seized under color of law by California law enforcement officials. Plaintiff sues Becerra in his official capacity only.

* * * *

17. Following her son's sentencing to state prison, Plaintiff began seeking the return of her firearms. On February 26, 2020, Plaintiff asked the deputy district attorney assigned to her son's case when she could retrieve her firearms; he responded by stating he would inform the SCSD, which had possession of the firearms, to release them. Thereafter, upon Plaintiff's followup with the SCSD, that defendant told Plaintiff she needed authorization by the CDOJ's Bureau of Firearms ("Bureau") before the SCSD could return her firearms. So Plaintiff sought authorization from the Bureau, only to be rebuffed for trivial and unlawful reasons:

A. In early March 2020, Plaintiff first submitted her requests to the CDOJ using the "Law Enforcement Gun Release Application"

───────────────────

records," doc. 1 @ ¶17(C), Becerra states "She responded by saying that she occasionally uses the last name from her prior marriage for business records." Doc. 14 @ 4:18-19. That is, though Ms. Cardinale stated she she only uses her old married name as necessary for some financial records, Becerra argues as if Ms. Cardinale admitted she sometimes goes by the name "Stucky." Further, Becerra does not even acknowledge the allegations that the Bureau *knows*, based on official records maintained by the Department of Justice and the California DMV, that at one time Ms. Cardinale was known as "Connie Stucky" and "Connie A. Stucky." Doc. 1 @ ¶¶18A and Attachment D (Cook letter). Thus, the Bureau's demand for the "Stucky" marriage certificate is patently frivolous.

00139793.WPD

forms the Bureau demands. See Attachments A and B, copies of the applications dated March 9 and March 10. (Pursuant to F.R.Cv.P. 5.2 and L.R. 140, confidential information has been redacted.)

B. The Bureau rejected the requests because the Bureau claimed (wrongly) Plaintiff may not be the lawful owner of the firearms as supposedly the last name on her driver's license differed from the name on one of the applications. See Attachment C. Apparently because Ms. Cardinale mentioned on the March 10 application a last name aka of "Stucky" (her married name from years ago) the Bureau concluded Plaintiff as identified on the application was not the person identified on her driver's license.

C. Plaintiff responded by explaining in writing that for business and financial reasons arising from her marriage that ended in divorce more than 20 years ago, "Stucky" sometimes appears on financial and business records. Nevertheless, the Bureau ridiculously insists that Plaintiff produce a marriage certificate from a marriage that ended 25 years ago, with the certificate being more than 30 years old.

18. The Bureau's demand was and is patently unreasonable and unnecessary. Pursuant to official records, including CDOJ fingerprint-verified records, all defendants, including the CDOJ, *know* that "Stucky" is a name Plaintiff has used on occasion as a last name:

A. Pursuant to law, the CDOJ maintains the fingerprints of every person fingerprinted in California for license and employment purposes, and persons fingerprinted in the course of booking into any state, county or municipal jail. For employment and licensing purposes, Plaintiff has been fingerprinted, has a CII number with her fingerprints on file with the CDOJ, and is identified in both CDOJ and California DMV official records as the Connie A. Cardinale who

00139793.WPD

submitted the release of firearm forms, see Attachments A and B. Those fingerprint-verified official records also establish -- as defendants well know -- that Plaintiff has no criminal record of any type, and that "Stucky" is a last name aka for Plaintiff;

B. Defendants know that Plaintiff had been previously issued a concealed weapons permit by the County of Placer when she resided there, and further know she is the lawful owner of each and every firearm seized by the SCSD deputies on December 25 and 26, 2019;

C. The firearms seized December 25, 2019 were seized without a warrant and without any apparent exception to the warrant requirement. Furthermore, if the December 25 seizures could be justified by an exception, the only arguable possible exception would be community caretaking. However, even if such justification existed when the deputies seized the firearms, that justification dissipated no later than December 26, 2019, when deputies arrested Plaintiff's son. Yet in violation of the Fourth Amendment, defendants still refuse to return to Plaintiff these firearms despite no Fourth Amendment justification for the ongoing seizure. *Brewster v. Beck*, 859 F.3d 1194, 1196-97 (9th Cir. 2017) ("A seizure is justified under the Fourth Amendment only to the extent that the government's justification holds force. Thereafter, the government must cease the seizure or secure a new justification.");

* * * *

19. Plaintiff most recently requested return of her firearms by her attorney's letter dated June 12, 2020, and delivered to the Bureau of Firearms, Sheriff Scott Jones, and Sacramento County District Attorney Anne Marie Schubert. See Attachment D. Neither the Bureau nor Sheriff Jones have responded to the letter. The only response received was from

00139793.WPD

Sacramento County. That defendant stated (a) it cannot release the firearms until the Bureau authorizes the release and (b) the Sacramento district attorney's office "issued a property release" "to the Sheriff's Department on 2/26/20." See Attachment E.

20. The continued wrongful withholding of Plaintiff's firearms violates her rights under both the Fourth and Fourteenth Amendments in that:

A. The continuing seizure without any justification violates the Fourth Amendment, see *Brewster*;

B. Despite seizing Plaintiff's firearms more than six months ago, defendants have *not* provided any hearing and opportunity for Plaintiff for (a) challenging either or both the initial justification for seizing her firearms, and (b) seeking return of her firearms even if the initial seizures were lawful. This violates Plaintiff's due process rights. *United States v. James Daniel Good Real Property*, 510 U.S. 43, 53-59 (1993); *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

C. That state law or state regulation may require that Plaintiff submit a "Law Enforcement Gun Release Application" form completed in a manner the Bureau deems adequate, does not and can not justify the continuing seizure and withholding of Plaintiff's property for which she seeks return. The *United States Constitution*, not state law or regulation, determines if the ongoing seizure is constitutionally justified. *Miranda v. City of Cornelius*, 429 F.3d 858, 864-65 (9th Cir. 2005) ("city ordinance and state statute does not, in and of itself, determine the reasonableness of the seizure under the Fourth Amendment").

21. Plaintiff is informed and believes and thereon alleges that both the initial seizures and the ongoing seizures have received approval from

-10-

defendants Becerra and Jones, policy makers in their capacities as head of their respective departments. See Attachment C.

*   *   *   *

25.   Defendant[] Becerra [], policy maker[] for [his] respective agencies, [has] the authority to order or direct that the firearms be returned to Plaintiff, and [is] on notice that the continued wrongful retention of Plaintiff's firearms violates her rights under the Second, Fourth and Fourteenth Amendments to the United States Constitution, and parallel provisions of the California State Constitution. Despite such knowledge and Plaintiff's requests for her firearms, defendant[] refuse[s] to order their release.[3]

26. . . .defendant[] [is] presently wrongfully withholding her firearms and [is] refusing to authorize the firearms' release. . .

Complaint ¶¶4, 17-21, 25-26 (doc. 1).

These allegations suffice. As California's Attorney General, Becerra is "the chief law officer of the State [after the governor]." Cal. Const., Art. V § 13. As such, his duties include:

to see that the laws of the State are uniformly and adequately enforced. The Attorney General shall have direct supervision over every district attorney and sheriff and over such other law enforcement officers as may be designated by law, in all matters pertaining to the duties of their respective offices . . .

Reinforcing Becerra's responsibility and control over the ongoing violations of Ms.

---

[3] It is true, as defendant Becerra states (doc. 14 @ 6:17-19), the letter was not addressed to Becerra. The letter was addressed to the Bureau of Firearms, a unit of the Department of Justice which Becerra oversees as Attorney General. Should the Court conclude the June 12, 2020 letter did not put Becerra on notice, Plaintiff can amend the Complaint to allege her counsel sent a letter directly to Becerra himself (on July 22, 2020), and that as of the filing of this Opposition, there has been no response to the letter.

00139793.WPD

Cardinale's Fourth and Fourteenth Amendment rights,[4] are Cal. Pen. Code §§ 33850, 33855 and 33865. These are the statutes which specifically implicate Becerra and his Bureau of Firearms in this case:

● Section 33850 obligated Ms. Cardinale to seek first authorization from the "Department of Justice" in order to reclaim her firearms. Cal. Pen. Code 33850(a);

● Section 33855 bars the SCSD from returning to Ms. Cardinale her firearms until and unless Becerra's Department of Justice has determined, pursuant to § 33865, that Ms. Cardinale "is eligible to possess firearms" (Cal. Pen. Code § 33855(a));

● In determining Ms. Cardinale's eligibility to reclaim her firearms, § 33865 states that Becerra's Department of Justice must conduct a "background check" to be completed within 30 days. Cal. Pen. Code § 33865(a) & (b). And if Ms. Cardinale is eligible (as she obviously is) then Becerra's Department of Justice "shall provide" Ms. Cardinale "with written notification that includes" her "identity" and a statement that she "is eligible to possess [the] firearm[s]. Cal. Pen. Code § 33865(c), (1) & (2).

Contrary to Becerra's claim that Plaintiff has only alleged "a generalized duty to enforce state law," doc. 14 @ 7:22-27, the Complaint alleges a specific failure to enforce specific laws directed at Becerra's Department of Justice and its Bureau of Firearms which, if enforced as they should be, would enable Ms. Cardinale to reclaim her firearms.

Nor is it necessary, as Becerra argues (doc. 14 @ 8:3-4), that the Complaint allege "specific conduct by Attorney General Becerra." It is enough that California law charges Becerra with the responsibility to enforce the laws specifically applicable to *his* department that would enable Ms. Cardinale to obtain her firearms. *Coalition to Defend*

---

[4] Fourth Amendment: Once the government's justification for an ongoing seizure of property expires, the continued retention of the property violates the Fourth Amendment. *Brewster v. Beck*, 859 F.3d 1194, 1196-97 (9th Cir. 2017). Fourteenth Amendment: Government seizure of property without notice and opportunity for a hearing to contest the seizure, violates due process. *United States v. James Daniel Good Real Property*, 510 U.S. 43, 49-50 (1993).

*Affirmative Action v. Brown*, 674 F.3d 1128 (9th Cir. 2012) is instructive. There, students sued Yudof, the President of the Regents of the University of California (the governing body of the University of California public school system) claiming the schools' enforcement of Cal. Const., Art. I § 31 violated equal protection. (Section 31 bars a school from granting preferential treatment based upon race in the admissions process.) Yudof claimed Eleventh Amendment immunity, stating he "lacks authority to amend, repeal, deviate from, or enforce section 31 [and] he can only comply with section 31." *Id.* at 1134. The Ninth Circuit, however, held that Yudof did have a "fairly direct connection" to section 31:

> As the head of the University of California, he does more than just "live with" section 31. He enforces it. He is duty-bound to ensure that his employees follow it and refrain from using race as a criterion in admission decisions. Yudof's argument that he is merely "implementing," not "enforcing" section 31, minimizes his role as President of the University and is inconsistent with *Eu.*

674 F.3d at 1134-35.

*Los Angeles County Bar Association v. Eu*, 979 F.2d 697 (9th Cir. 1992), on which the Ninth Circuit in *Brown* relied, similarly found that the state governor and secretary of state, who appointed judges and certified elections for judges, had a direct enough connection to the statute being challenged there, which plaintiff alleged was violating equal protection by limiting the number of judges in the superior court. *Id.* at 704. The statute was "being given effect" by the officials, and therefore the state officials were not immune from suit. *Ibid.*

Here, the Complaint alleges that the Bureau of Firearms -- a bureau within Becerra's Department of Justice -- has wrongly rejected Ms. Cardinale's applications to reclaim her firearms, based on the Bureau's patently bogus claim that the Bureau does not know if "Stucky" was, in fact, a name Ms. Cardinale used at one time, and/or is a name sometimes still used to reference her. Complaint, ¶¶17-18. These allegations "give fair

notice and to enable [Becerra] to defend [him]self effectively," for they "plausibly suggest an entitlement to relief, such that it is not unfair to require [Becerra] to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Moreover, the Complaint's Attachment D (the June 12, 2020 letter to the Bureau of Firearms) as well as the more recent letter sent directly to Attorney General Becerra (see **Exhibit A** hereto), both of which Becerra has ignored, show that Becerra has "knowledge of and acquiescence in the unconstitutional conduct of his subordinates." *Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012).

**IV. Conclusion.**

Based on the foregoing, the allegations in the Complaint are sufficient to state a claim against Becerra, and that he is not entitled to Eleventh Amendment immunity. If, however, the Court believes the allegations are insufficient to show Becerra's liability, Plaintiff requests leave to file an amended complaint.

 DATED: August 6, 2020

**DONALD W. COOK**
Attorney for Plaintiff

By_____
Donald W. Cook

00139793.WPD

### DECLARATION OF DONALD W. COOK

I, DONALD W. COOK, declare:

1.  I represent Ms. Cardinale.

2.  Attachment D to the Complaint is the June 12, 2020 letter I wrote. On behalf of the State or Attorney General Becerra, I have never received response from anyone. I did receive a response from the Sacramento District Attorney's office -- it stated it told the Sacramento Sheriff's Department on February 26, 2020, it could return to Ms. Cardinale her firearms.

3.  On July 22, 2020, I sent a letter directly to Attorney General Becerra, making the same points and presenting the same evidence as stated in my June 12 letter, and more. Attached hereto as **Exhibit A** is a true copy of my July 22 letter (except for redactions of certain personal identifiers that should remain confidential per the federal rules).

4.  I have never received a response to my July 22, 2020 letter. I offer this to show that Plaintiff could amend her complaint to allege that Attorney General Becerra was and is on notice of the ongoing violations of Ms. Cardinale's constitutional rights yet refuses to take any remedial steps.

I declare under penalty of perjury that the foregoing is true and correct. Executed August 6, 2020, at Los Angeles, California.

_____
Donald W. Cook

-15-

00139793.WPD

**DONALD W. COOK**
*Attorney at Law*

3435 Wilshire Blvd., Ste. 2910, Los Angeles, CA 90010
(213) 252-9444 / (213) 252-0091 facsimile

Donald W. Cook
_____
Samantha R. Koerner

July 22, 2020

**Via Email and U.S. Mail**

Xavier Becerra
Attorney General for the State of California
California Department of Justice
1300 I Street
Sacramento, CA 95814

   Re:  My client: Connie A. Cardinale (victim of crime)
      Sacramento Sheriff's Report No. 19-455580

Dear Attorney General Becerra:

  I write to demand that you inform your subordinates at the Department of Justice's Bureau of Firearms and the Sacramento County Sheriff's Department ("SCSD") to immediately authorize the release and return to my client Ms. Cardinale her firearms the SCSD seized on December 25 and 26, 2019. As explained further below, the SCSD states it will not and cannot release to Ms. Cardinale her firearms unless and until your Bureau of Firearms authorizes the release. The Bureau, however, refuses to authorize the release because the Bureau claims -- wrongly and frivolously -- that it does not know if my client is really the firearms' owner, on account her last name was at one time different (because she was married). Your Bureau's position is frivolous. The Department of Justice records, not to mention California DMV records which are also readily available to your personnel *and* which my client supplied, establish beyond all doubt that my client is who she says she is, and that the Bureau's refusal to authorize the firearms' release, is without any merit whatsoever.

  *Background*

  On December 25, 2019, my client Ms. Cardinale was violently assaulted and battered in her home by her adult son Ryan Stucky, who suffers from schizophrenia. (Ryan Stucky does not reside in my client's home; he was present because of the holiday). In response to a 911 call, Sacramento Sheriff's deputies responded. Although Ryan Stucky had fled the premises (he was later apprehended the next day December 26) Sheriff's deputies searched my client's home and seized some of her firearms (all lawfully purchased and lawfully possessed by my client). The next day, December 26, now armed with a search warrant, Sheriff's deputies returned to my client's home. Pursuant to that warrant, the deputies seized my client's remaining firearms (again, all lawfully purchased and lawfully in my client's possession). See Sacramento Sheriff's Department reports under #19-455580.

  It should be noted that Ryan Stucky's assault on Ms. Cardinale did *not* involve the use of any firearms (he used a stick and his hands). When he was later apprehended, he was unarmed.

  From his December 26, 2019 arrest date to the present, Ryan Stucky has been in custody. Following his sentencing to state prison on February 26, 2020 (*People v. Ryan Stucky*, Sacramento Superior Court No. 19FE023135), Ms. Cardinale began seeking the return of her firearms. SCSD officials told her the Sheriff's Department cannot release the firearms until the Department of Justice's Bureau of Firearms authorizes the release, via applications she needed to submit to the Bureau. Ms. Cardinale submitted her first release applications in early March (see Attachments A

00139593.WPD

Xavier Becerra
Attorney General for the State of California
July 22, 2020
Page 2

and B, copies dated March 9 and March 10). The Bureau rejected the requests because the Bureau claimed (wrongly) her last name on her driver's license differed from the name on the application. Apparently because Ms. Cardinale mentioned on the March 10 application a last name aka of "Stucky" (her married name from years ago) the Bureau concluded her name on the application did not match the name on her driver's license, and thus began demanding a marriage certificate from over 30 years ago to prove that "Stucky" was also a name that Ms. Cardinale had used. See Attachment C.

The Bureau's position is patently frivolous:

● Ms. Cardinale's last name on her California driver's license is "Cardinale." That is also how she signed both applications:



March 9, 2020 Application (Attachment A)

\*    \*    \*    \*

March 10, 2020 Application (Attachment B)

\*    \*    \*    \*

Ms. Cardinale's current California driver's license.

Furthermore, Department of Justice fingerprint-matched records establish and confirm that Ms. Cardinale has been known in the past as "*Stucky*, Connie Ann." I refer you to the Department's criminal history information system, and records for Ms. Cardinale maintained under her fingerprint-

Xavier Becerra
Attorney General for the State of California
July 22, 2020
Page 3

matched identifier CII number A32273140:



Although unnecessary given the above, California DMV records also establish that my client used "Stucky" as her last name when she was married. Below is a copy of Ms. Cardinale's California driver's license that expired in 1990 when she was still married:



Besides providing her driver's license information last May (including both her current and expired 1990 license) Ms. Cardinale also sent the Bureau a copy of her social security card. As you can see, the card has, as her last name, both "Stucky" and "Cardinale":



Xavier Becerra
Attorney General for the State of California
July 22, 2020
Page 4

*My Request*

Initially, the continuing seizure of my client's firearms violates her due process and Fourth Amendment rights. As both a lawyer and California's Attorney General, you should know that given the above, neither the Bureau nor the SCSD can rely on some unspecified regulation or state law to deny Ms. Cardinale her right to her firearms. *Miranda v. City of Cornelius*, 429 F.3d 858, 864-65 (9th Cir. 2005) (seizing and holding property pursuant to state law "does not, in and of itself, determine the reasonableness of the seizure under the Fourth Amendment, as applied to the states by the Fourteenth Amendment.").

Under the Cal. Const., Art. V § 13, you as the Attorney General have the "duty . . . to see that the laws of the State are uniformly and adequately enforced," and you "have direct supervision over every district attorney and sheriff and over such other law enforcement officers as may be designated by law, in all matters pertaining to the duties of their respective offices . . ." Therefore, I request that you exercise your supervisory authority over your subordinates at the Bureau of Firearms and the SCSD, and direct them to immediately authorize the release to Ms. Cardinale her firearms the SCSD is holding. Thank you.

Sincerely,

Donald W. Cook

DWC:ms
enc

cc:    Deputy Attorney General John C. Bridges
       Jonathan Paul, Rivera Hewitt Paul LLP



# Law Enforcement Gun Release Application

*Penal Code Section 33850*

This form is to be used only by the owner of a firearm which is in the custody or control of a law enforcement agency or court to redeem the firearm. It only establishes the applicant's eligibility to lawfully possess firearms at the time the application is processed. It cannot be used to transfer a firearm, or to prove ownership of a firearm.

*(Instructions and processing fee information on reverse.)*

## A. Owner Information

| Last Name: Cardinale | First Name: Connie | Middle Name: Ann |
|---|---|---|

| Alias Last Name (if any): AKA Stucky on my Living Trust & SS card only | Alias First Name: | Alias Middle Name: |
|---|---|---|

| Residence Street Address: | City: Orangevale | State: CA | Zip Code: 95662 |
|---|---|---|---|

| Mailing Address (if different): | City: | State: | Zip Code: |
|---|---|---|---|

| Date of Birth (mm/dd/yyyy): /53 | Place of Birth (state or country): Brownsville TX | Sex: F | Phone No. (include area code): 916-740-5531 |
|---|---|---|---|

| U.S. Citizen? ✓Yes ○No | If no, enter Alien Registration No. or I-94 No.: | Country of Citizenship: USA |
|---|---|---|

Enter your California driver license (CDL), California ID (CID), Military ID (MIL), or Out-of-State ID (OSID) number in the ID number box to the right. If using military identification you *must* send a copy of your permanent duty station orders stating you are stationed in California. If using an out-of-State driver's license or identification number you must send a notarized copy of your driver's license or identification card.

ID Type (check one): CDL ✓  MIL ☐  CID ☐  OSID ☐   ID Number: N

## B. Firearm(s) Information (To report additional firearm(s) copy and attach additional applications)

| Firearm Type: ☒Handgun ○Rifle ○Shotgun | Category: Semi-Automatic | | Serial Number: EF 3234 |
|---|---|---|---|
| Make: KAHR | Model: CW9 | Caliber: .9mm  Firearm Origin: USA | Color: SILVER/BLK  Barrel Length: 3½ ☒IN. ○CM. |

| Firearm Type: ☒Handgun ○Rifle ○Shotgun | Category: Semi-Automatic | | Serial Number: PAH 7163 |
|---|---|---|---|
| Make: SMITH + WESSON | Model: SW40F | Caliber: .40  Firearm Origin: USA | Color: BLK  Barrel Length: 4 1/4 ☒IN. ○CM. |

| Firearm Type: ☒Handgun ○Rifle ○Shotgun | Category: Revolver | | Serial Number: CPR 8043 |
|---|---|---|---|
| Make: SMITH + WESSON | Model: 6422 | Caliber: .38  Firearm Origin: USA | Color: SILVER  Barrel Length: 2 ☒IN. ○CM. |

## C. Agency Information

Name of Law Enforcement Agency or Court in Possession of the Firearm(s):
SACRAMENTO COUNTY SHERIFFS OFFICE

| Address: 711 G STREET | City: SACRAMENTO | Zip Code: 95814 | Case Number: 19-455580 |
|---|---|---|---|

## D. Declaration

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that I am the lawful owner of all firearms that I seek to have returned. I expressly authorize the Department of Justice to perform firearms eligibility checks of all relevant state and federal databases including the Federal Bureau of Investigation's National Instant Criminal Background Check System. I also understand that if I currently possess or own firearms and the results of this check reveal that I am ineligible either to lawfully possess or purchase firearms, I must relinquish any and all firearms in my possession.

Signature: Connie Ann Cardinale   Date: 3-9-20

## DOJ USE ONLY

☐ AFS REFLECTS APPLICANT AS OWNER.   ☐ UNABLE TO VERIFY OWNERSHIP OF FIREARMS VIA AFS. COURT OR LEA MUST CONFIRM.

| Date Received: MAR 1 6 2020 | Date Paid: APR 0 9 2020 | Date Processed: | Processed By: | NTN#: |
|---|---|---|---|---|

MAX pB 4 2020 20
MAY 5 /2 2020

# CALIFORNIA DEPARTMENT OF JUSTICE
## BUREAU OF FIREARMS



## Law Enforcement Gun Release Application

*Penal Code Section 33850*

*This form is to be used only by the owner of a firearm which is in the custody or control of a law enforcement agency or court to redeem the firearm. It only establishes the applicant's eligibility to lawfully possess firearms at the time the application is processed. It cannot be used to transfer a firearm, or to prove ownership of a firearm.*

*(Instructions and processing fee information on reverse.)*

FI19 (Rev. 03/2010)

β26

### Owner Information

| Last Name: Cardinale - Stucky ᴬᴷᴬ | First Name: Connie | Middle Name: Ann |
|---|---|---|
| Alias Last Name (if any): on SS & Living Trust | Alias First Name: | Alias Middle Name: |

| Residence Street Address: | City: Orangevale | State: CA | Zip Code: 95662 |
|---|---|---|---|
| Mailing Address (if different): | City: | State: | Zip Code: |

| Date of Birth (mm/dd/yyyy): 1953 | Place of Birth (state or country): Brownsville TX | Sex: F | Phone No. (include area code): 916 740-5531 |
|---|---|---|---|

U.S. Citizen? ●Yes ○No  If no, enter Alien Registration No. or I-94 No.: Country of Citizenship: USA

*Enter your California driver license (CDL), California ID (CID), Military ID (MIL), or Out-of-State ID (OSID) number in the ID number box to the right. If using military identification you must send a copy of your permanent duty station orders stating you are stationed in California. If using an out-of-state driver's license or identification number you must send a notarized copy of your driver's license or identification card.*

ID Type (check one): CDL ☑  MIL ☐  CID ☐  OSID ☐
ID Number: N

### B. Firearm(s) Information (To report additional firearm(s) copy and attach additional applications)

| Firearm Type: ○Handgun ○Rifle ☑Shotgun | Category: (select from list on page 2) Pump | Serial Number: RS 50085 H |
|---|---|---|
| Make: Remington | Model: 870 | Caliber: .120 | Firearm Origin: USA | Color: Blk | Barrel Length: 21 ☑IN. ○CM. |

| Firearm Type: ○Handgun ☑Rifle ☑Shotgun | Category: (select from list on page 2) Bolt Action | Serial Number: 1111846 |
|---|---|---|
| Make: Savage | Model: 99E | Caliber: .243 | Firearm Origin: USA | Color: Brown | Barrel Length: 20 ☑IN. ○CM. |

| Firearm Type: ○Handgun ☑Rifle ○Shotgun | Category: (select from list on page 2) Semi-Automatic | Serial Number: 35754232 |
|---|---|---|
| Make: Ruger | Model: 10-22 | Caliber: .122 | Firearm Origin: USA | Color: Brown | Barrel Length: 16 ☑IN. ○CM. |

### C. Agency Information

Name of Law Enforcement Agency or Court in Possession of the Firearm(s): Sacramento County Sheriff's Office

| Address: 711 G Street | City: Sacramento | Zip Code: 95814 | Case Number: 19-455580 |
|---|---|---|---|

### D. Declaration

*I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that I am the lawful owner of all firearms that I seek to have returned. I expressly authorize the Department of Justice to perform firearms eligibility checks of all relevant state and federal databases including the Federal Bureau of Investigation's National Instant Criminal Background Check System. I also understand that if I currently possess or own firearms and the results of this check reveal that I am ineligible either to lawfully possess or purchase firearms, I must relinquish any and all firearms in my possession.*

Signature: Connie Ann Cardinale    Date: 03/10/2020

### DOJ USE ONLY

☐ AFS RE... ☐ UNABLE TO VERIFY OWNERSHIP OF FIREARMS VIA AFS, COURT OR LEA MUST CONFIRM.

| Date Received: | Date Paid: | Date Processed: | Processed By: |
|---|---|---|---|

3/10/20 Application
7/22/20 Letter to Becerra

-21-

Attachment B

EXHIBIT A

May 4, 2020

CONNIE CARDINALE

ORANGEVALE, CA 95662

RE:    **Law Enforcement Gun Release – Incomplete Application**

Dear Sir/Madam:

The California Department of Justice, Bureau of Firearms is in receipt of your Law Enforcement Gun Release (LEGR) Application (BOF 119); however, your application is being returned unprocessed for the following reason(s):

☐    One or more of the required application fields was not completed or is illegible.

☐    The application submitted is obsolete and cannot be accepted. Please complete the correct application (BOF 119, Rev. 05/2019) which can be obtained on the Attorney General's website at http://oag.ca.gov/firearms/forms

☐    Your application was not signed and/or dated.

☐    The required $_____ fee in the form of a check or money order made payable to the California Department of Justice was not submitted with your application.

☐    As an out-of-state applicant, you must send a notarized copy of your driver license or identification card indicated on the application.

☐    Effective July 1, 2019, a copy of your California driver license or California identification card is required (Cal. Code Reg., tit. 11, § 4045.1 subd. (b-c)). If "FEDERAL LIMITS APPLY" appears on your California driver license or California identification card, you will need to submit additional documentation. For more information, please refer to the Bureau of Firearms website at https://oag.ca.gov/firearms.

☒    If your name, as it appears on the "FEDERAL LIMITS APPLY" California driver license or identification card, differs from the name on the document(s) you provided, you shall also submit one of the following certified documents (next page).

If you have any questions concerning this information, please contact the Bureau of Firearms at the number listed above.

Sincerely,

PURCHASER CLEARANCE SECTION
Bureau of Firearms

For    XAVIER BECERRA
       Attorney General





STATE OF CALIFORNIA
OF 119 (Rev. 05/2019)

DEPARTMENT OF JUSTICE
PAGE 2 of 4

**CALIFORNIA DEPARTMENT OF JUSTICE**
**BUREAU OF FIREARMS**
# Law Enforcement Gun Release Application

**Proper Use of the Law Enforcement Release Application**
This form is **only** to be used by the **owner** of the firearm who is seeking to redeem his/her firearm in the custody or control of a law enforcement agency or court. It is the responsibility of the court or law enforcement agency with custody or control of the firearm to verify that the applicant is the lawful owner or possessor of the firearm.

**Application Submission Requirements**
Individuals seeking the return of a firearm that is in the custody or control of a law enforcement agency or court must submit a complete application **with the appropriate fees** to the Department. A firearms eligibility check will be conducted to determine whether the person is eligible to possess firearms under state and federal law. A notice of results will be sent to the applicant via U.S. Mail. Incomplete applications will be returned without processing. If reporting more than three firearms, make extra copies of this form to meet your reporting needs. **Once issued, a determination notice is only valid for 30 days.** Be advised that any unclaimed firearm may be disposed of by a law enforcement agency or court 180 days after the owner has been notified that the firearm is available for return.

The following must be submitted with your application and mailed to the **Department of Justice, Bureau of Firearms - LER, P.O. Box 820200, Sacramento CA 94203-0200:**

- $20 for the first firearm, and $3.00 for each additional firearm (check or money order made payable to the Department of Justice).
- If the law enforcement agency or court determines the firearm was reported stolen pursuant to Penal Code section 33855, subdivision (d), the fees for the stolen firearm(s) will be waived. **Applicants must provide documentation from the law enforcement agency or court with this application to qualify for the waiver of fees.**
- A copy of your California driver license or identification card. (Cal. Code Reg., tit. 11, § 4045.1)
- If your California driver license or identification card has "FEDERAL LIMITS APPLY" on the front, you shall also submit proof of lawful presence in the United States, in the form of one of the following documents:

  (1) Valid, unexpired U.S. passport or passport card.
  (2) Certified copy of U.S. birth certificate.
  (3) Certification of Birth Abroad (FS-545), Certification of Report of Birth (DS-1350) or Consular Report of Birth Abroad of a Citizen of the United States of America (FS-240), issued by the U.S. Department of State.
  (4) Valid, unexpired foreign passport with valid U.S. Immigrant visa and approved Record of Arrival/Departure (I-94) form.
  (5) Certified copy of birth certificate from a U.S. Territory.
  (6) Certificate of Naturalization or U.S. Citizenship.
  (7) Valid, unexpired Permanent Resident Card. (Cal. Code Reg., tit. 11, § 4045.1)

- If your name, as it appears on the "FEDERAL LIMITS APPLY" California driver license or identification card, differs from the name on the document(s) above, you shall also submit one of the following certified documents:

  (1) An adoption document that contains your legal name as a result of the adoption.
  (2) A name change document that contains your legal name both before and, as a result of, the name change.
  (3) A marriage certificate.
  (4) A dissolution of marriage document that contains your legal name as a result of the court action.
  (5) A certificate, declaration or registration document verifying the formation of a domestic partnership.
  (6) A dissolution of domestic partnership document that contains your legal name as a result of the court action. (Cal. Code Reg., tit. 11, § 4045.1)