XAVIER BECERRA, State Bar No. 118517
Attorney General of California
CATHERINE WOODBRIDGE, State Bar No. 186186
Supervising Deputy Attorney General
JOHN C. BRIDGES, State Bar No. 248553
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-7529
 Fax: (916) 322-8288
 E-mail: John.Bridges@doj.ca.gov
*Attorneys for Defendant Xavier Becerra*

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CONNIE CARDINALE, an individual,**<br><br>Plaintiff,<br><br>v.<br><br>**XAVIER BECERRA, an individual sued in his official capacity only; SCOTT R. JONES, an individual sued in his official and individual capacities; COUNTY OF SACRAMENTO, a governmental entity; SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, a public entity; CLINTON ROBINSON (#305), an individual sued in his official and individual capacities; and Does 1 through 20, all sued in their individual capacities,**<br><br>Defendants. | Case No.: 2:20-CV-1325 MCE CKD<br><br>**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**<br><br>Date:        August 20, 2020<br>Time:        2:00 p.m.<br>Courtroom:   7<br>Judge:       Honorable Morrison C. England, Jr.<br>Trial Date:  N/A<br>(Under submission)<br><br>Action Filed: July 1, 2020 |

## INTRODUCTION

Defendant California Attorney General Xavier Becerra's Motion to Dismiss should be granted for the following reasons: AG Becerra is subject to sovereign immunity pursuant to the Eleventh Amendment, and plaintiff has failed to allege any basis for the application of the exception to this immunity provided by *Ex parte Young*, 209 U.S. 123 (1908). Moreover,

1

. Plaintiff failed to state a claim under 42 U.S.C. § 1983 by alleging an actual connection between the actions of the named AG Becerra and the alleged constitutional violations.

## ARGUMENT

### I. PLAINTIFF'S CLAIMS AGAINST ATTORNEY GENERAL BECERRA ARE BARRED BY THE ELEVENTH AMENDMENT

Plaintiff's Opposition cites three cases in arguing that the exception to Eleventh Immunity provided by *Ex parte Young* should apply. The first is *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261 (1997), in which the court determined that the exception was *inapplicable*. The citation in Plaintiff's Opposition merely refers to the concurring opinion of three justices in which they recite the standard in *Ex parte Young*, which both parties in this case agree is the controlling authority on this issue.

The second case cited as a basis for the application of the exception is *Milliken v. Bradley*, 433 U.S. 267, 273 (1997). That case involved a decision from the district court that laid out a remedial desegregation plan consisting of four educational components, with the cost of implementing these programs to be borne by the state. In *Milliken*, the court relied upon the prospective-compliance exception from *Edelman v. Jordan*, 415 U.S. 651 (1974), which had its genesis in *Ex parte Young*, but is a distinct exception involving federal courts' power ensure a state's compliance with federal law "notwithstanding a direct and substantial impact on the state treasury." *Milliken, supra,* 433 U.S. at 289. That is far different than the issue in the current case.

The third case cited as a basis for the application of the exception is *Clark v. Cohen*, 794 F.2d 79 (3d Cir. 1986). That Third Circuit case is analogous to *Milliken*, and cites the same provisions of *Edelman* as the *Milliken* case. It involves a district court order requiring the expenditure of funds as part of an equitable relief order, which the court deemed appropriate under the prospective-compliance exception.

As argued in the Motion to Dismiss, the Eleventh Amendment's jurisdictional bar applies regardless of the nature of the relief sought, including declaratory and injunctive relief. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984); *see also S. Pac. Transp. Co. v. City of L.A.*, 922 F.2d 498, 508 (9th Cir. 1990) (affirming dismissal of declaratory and
2

injunctive relief claims). Here, AG Becerra, as an officer of the State of California, has neither consented to nor waived his sovereign immunity regarding the legal theories asserted in the Complaint.

Additionally, the *Ex parte Young* exception only applies if the state officer had a connection with the enforcement of the allegedly unconstitutional statute. *Long v. Van de Kamp*, 961 F.2d 151, 152 (9th Cir. 1992). "This connection must be fairly direct; a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision will not subject an official to suit." *L.A. Cty. Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th Cir. 1992) (citing *Long*, 961 F.2d at 152). In this case, the allegations in the Complaint are directed at AG Becerra in his official capacity, and only allege involvement by AG Becerra as the "policy maker" for his agency, thereby having "the authority to order or direct that the firearms be returned to Plaintiff." (ECF No. 1, p. 9, ll. 9-10.) This is exactly the type of broad, generalized allegation that was rebuffed in *Eu*.

Plaintiff's Opposition argues that "the Complaint alleges that the Bureau of Firearms – a bureau within Becerra's Department of Justice – has wrongly rejected Ms. Cardinale's applications to reclaims her firearms…" (ECF No. 19, p. 13, ll. 24-26.) Plaintiff did not bring this action against the Bureau of Firearms or the Department of Justice because such an action would clearly be barred by the Eleventh Amendment. The exception provided by *Ex parte Young* was not intended to effectively eradicate the Eleventh Amendment by allowing plaintiffs to seek relief against the head of the state agency with which they have a problem. The exception was intended to provide relief when the individual state actors have a direct connection to the violation. There is no indication that AG Becerra had a direct connection to the denial of Plaintiff's application, nor is there an allegation of any such direct connection in the Complaint.

The Eleventh Amendment bars this lawsuit from proceeding against AG Becerra, and the limited exception provided by *Ex parte Young* does not apply due to the clear, unequivocal allegations in the Complaint involving AG Becerra's limited, supervisory involvement in the underlying allegations. For these reasons, this Motion to Dismiss should be granted.

///

## II. PLAINTIFF FAILS TO ALLEGE SUFFICIENT FACTS TO STATE A CLAIM AGAINST ATTORNEY GENERAL BECERRA

As argued in the Motion to Dismiss, to state a claim under 42 U.S.C. § 1983, a plaintiff must allege an actual connection between the actions of the named defendants and the alleged deprivations. *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

Here, there are no specific allegations against Attorney General Becerra. Plaintiff's Opposition recites several paragraphs of the Complaint, none of which establish specific allegations directly against AG Becerra for a constitutional deprivation. To the extent Plaintiff relies on *Coalition to Defend Affirmative Action v. Brown*, 674 F.3d 1128 (9th Cir. 2012), that case involved a constitutional challenge to a state law, namely California Constitution, Article I, Section 31. The underlying premise of the *Brown* holding relies upon *Ex parte Young*, specifically citing that, "[t]he individual state official sued 'must have some connection with the enforcement of the act.'" *Ex parte Young, supra,* 209 U.S. at 157. Although this case does not involve a challenge to the constitutionality of the underlying statutory framework at issue in returning firearms after a seizure by law enforcement, the premise of *Brown* is consistent with AG Becerra's arguments in this case. In her Opposition, Plaintiff cites California Penal Code sections 33850, 33855, and 33865 as the statutes which "specifically implicate Becerra and his Bureau of Firearms in this case." (ECF No. 19, p. 12, ll. 1-3.) While none of those statutes appear on the face of the Complaint, they establish that AG Becerra must enforce the statutory

framework that permits the denial of Plaintiff's application for the return of her firearms. Unlike Yudof, the President of the Regents of the University of California in the *Brown* case, AG Becerra is enforcing the Penal Code sections that govern the return of firearms to an individual following their seizure by law enforcement. In her recitation of applicable statute statutes that must be enforced by AG Becerra, Plaintiff omits reference to Cal. Code Regs. tit. 11, § 4045.1, which provides, in part:

> "(c) For all eligibility checks, if the applicant's name as it appears on the federal non-compliant California driver license or identification card differs from the name on the proof of lawful presence document submitted in accordance with subdivision (b), the applicant shall also submit, as specified in subdivisions (d) through (g), one of the following certified documents:...
>
> ...(3) A marriage certificate...."

Plaintiff's Opposition reinforces the grounds for dismissing this case for failure to state facts sufficient to constitute a cause of action against AG Becerra. The entire foundation for Plaintiff's suit is the postponement of approving Plaintiff's application for the return of her firearms until she submits a marriage certificate establishing her lawful identity. Although Plaintiff failed to set forth specific facts as to AG Becerra's causal role in the alleged constitutional deprivation, even considering the statutory regulations cited in the Opposition clearly establishes that AG Becerra is not a proper defendant. Plaintiff has not alleged enough facts to state a claim for relief against Attorney General Becerra.

///
///
///
///
///
///
///
///

## CONCLUSION

For the reasons stated above, AG Becerra respectfully requests that this Court grant the motion to dismiss. Because the defects in the Complaint cannot be cured by amendment, the motion should be granted without leave to amend.

Dated: August 10, 2020

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
CATHERINE WOODBRIDGE
Supervising Deputy Attorney General

/s/ **John C. Bridges**
JOHN C. BRIDGES
Deputy Attorney General
*Attorneys for Defendant Xavier Becerra*

SA2020302275
34303317.docx

## CERTIFICATE OF SERVICE

Case Name:  **Connie Cardinale v. Xavier Becerra, et al.**          No.   **2:20-CV-1325 MCE CKD**

I hereby certify that on August 10, 2020, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on August 10, 2020, at Sacramento, California.

| Tamara Yeh | _(signature)_ |
|---|---|
| Declarant | Signature |

SA2020302275
34303362.docx