**DONALD W. COOK**, CSB 116666
ATTORNEY AT LAW
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA 90010
(213) 252-9444; (213) 252-0091 facsimile
E-mail: manncook@earthlink.net

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONNIE A. CARDINALE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>XAVIER BECERRA, an individual sued in his official capacity only; SCOTT R. JONES, an individual sued in his official and individual capacities; COUNTY OF SACRAMENTO, a governmental entity; SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, a public entity; CLINTON ROBINSON (#305), an individual sued in his official and individual capacities; and Does 1 through 20, all sued in their individual capacities,<br><br>Defendants. | Case No. 2:20-cv-1325-MCE-CKD<br><br>**JOINT REPORT ON PROPOSED DISCOVERY PLAN** |

TO THE HON. MORRISON C. ENGLAND, JR., UNITED STATES DISTRICT JUDGE:

Pursuant to this Court's Order of July 2, 2020 requiring the parties to meet and confer regarding their Rule 26(f) discovery plan, and Local Rule 240(b), the parties hereby submit their Proposed Discovery Plan in this matter.

**I. Discovery Plan**

**A. What changes, if any, should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made.**

The parties do not anticipate changes in the timing, form, or requirement for disclosures under Rule 26(a). The parties proposed initial disclosures will be made within two weeks after the last answer is filed with the District Court.

**B. The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues.**

Plaintiff will conduct discovery into all defendants' justification(s) for the continuing seizure of her property, as well as the justification for the initial seizure of each of her weapons by the Sacramento County defendants.

The Defendants will undertake discovery into the nature and extent of Plaintiff's damages as well as liability and causation.

The parties believe that all discovery will be completed within the deadlines set forth in the scheduling order. (See ECF No. 4, pp. 2-4). The parties agree that discovery need not be conducted in phases or be limited or focused upon any particular issues.

**C. Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

Plaintiff requests that any production of electronically-kept information be made in electronic format, in accordance with F.R.Cv.P. 34(b)(2)(E). Plaintiff may choose to challenge a claim (if made) that data stored electronically cannot be produced in its native electronic format. According to Plaintiff's computer consultant, not only is producing data in its original electronic format easily accomplished, generally it is easier to do so

than producing the data as printed onto paper (or saved as PDF or TIFF files).

Defendants do not foresee any issues about disclosures, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.

**D.  Any issues about claims of privilege or of protection as trial-preparation materials, including -- if the parties agree on a procedure to assert these claims after production -- whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502**.

The parties do not foresee any issues about claims of privilege or of protection. However, if any were to arise, the parties agree that such issues could be resolved by way of a protective order as specified in EDCA Local Rule 141.1.

**E.  What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

The parties do not request any changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure or by local rules of court.

**F.  Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

Defendants do not request any additional orders at this time.

Though Plaintiff does not ask that the Court issue any orders at this time, Plaintiff does object to Part II of the Court's Scheduling Order (Doc 4 @ 2:9-13). Regarding potential defendants, should discovery reveal that additional parties may be at fault, Plaintiff contends she has up to three years or the day of trial, whichever first occurs, to add newly named DOE defendants. *Cabrales v. County of Los Angeles*, 864 F.2d 1454, 1462, 1463-64 (9th Cir. 1988); Cal. Gov't Code § 68616(h). Plaintiff further contends that amending to add parties is controlled by California law for naming and serving doe

00140445.WPD

defendants; thus, good cause is not required. *Cabrales, supra*; *Merritt v. County of Los Angeles*, 875 F.2d 765, 768 (9th Cir. 1989) (for claim under 42 U.S.C. § 1983, the relation back provisions of Cal. Civ. Proc. Code § 474 control rather than a contrary provision of F.R.Cv.P. 15(c) then in effect); *e.g., General Motors Corp. v. Superior Court*, 48 Cal.App.4th 580, 593-94 (1996) (summarizing state law under § 474 for naming doe defendants).

**II. Voluntary Dispute Resolution Program.**

Pursuant to Local Rule 271(d)(2), the parties report that they agree efforts to settle at this juncture are premature, but will consider settlement and VDRP once the Court rules on the pending motions and the parties have had an opportunity to conduct some discovery.

[signatures of counsel on the following page]

00140445.WPD

DATED: September 23, 2020

**DONALD W. COOK**
Attorney for Plaintiff

By _/s/ Donald W. Cook_
Donald W. Cook

DATED: September 23, 2020

**RIVERA HEWITT PAUL LLP**

s/ Jonathan B. Paul

By _____
JONATHAN B. PAUL
JILL B. NATHAN
Attorneys for Defendants County of Sacramento,
Sacramento County Sheriff's Department,
Scott R. Jones and Clinton Robinson

Dated: September 23, 2020

**XAVIER BECERRA**
Attorney General of California
CATHERINE WOODBRIDGE
Supervising Deputy Attorney General

s/ John C. Bridges

By _____
JOHN C. BRIDGES
Deputy Attorney General
Attorneys for Defendant Xavier Becerra