**RIVERA HEWITT PAUL LLP**
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
Tel: 916-922-1200 Fax: 916-922-1303

Jonathan B. Paul, SBN 215884
jpaul@rhplawyers.com
Jill B. Nathan, SBN 186136
jnathan@rhplawyers.com

Attorneys for Defendants
Scott R. Jones, Clinton Robinson,
County of Sacramento, and
Sacramento County Sheriff's Department

## IN THE UNITED STATES DISTRICT COURT

## IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONNIE A. CARDINALE, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>XAVIER BECERRA, an individual sued in his official capacity only; SCOTT R. JONES, an individual sued in his official and individual capacities; COUNTY OF SACRAMENTO, a governmental entity; SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, a public entity; CLINTON ROBINSON (#305), an individual sued in his official and individual capacities; and Does 1 through 20, all sued in their individual capacities,<br><br>Defendants. | Case No.: 2:20-cv-01325-MCE-CKD<br><br>**DEFENDANTS SCOTT R. JONES, CLINTON ROBINSON, COUNTY OF SACRAMENTO, AND SACRAMENTO COUNTY SHERIFF'S DEPARTMENT'S ANSWER TO COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES; and DEMAND FOR JURY TRIAL** |

In response to CONNIE A. CARDINALE's (hereinafter "plaintiff"), Complaint for Injunctive Relief and Damages (hereinafter "Complaint") filed on July 1, 2022 (ECF 1), Defendants SCOTT R. JONES, CLINTON ROBINSON, COUNTY OF SACRAMENTO, AND SACRAMENTO COUNTY SHERIFF'S DEPARTMENT (hereinafter "defendants") hereby admits, denies, and alleges as follows:

## I. JURISDICTION & VENUE

In response to paragraphs 1 and 2, defendants contend the allegations in these paragraphs contain conclusions of law and not averments of fact for which a response is required. Insofar as a response is required, defendant contends the allegations in these paragraphs contain conclusions of law and not averments of fact for which a response is required. Insofar as a response is required, defendants deny.

## II. PARTIES

In response to paragraphs 3 and 4, defendants contend that these paragraphs contain conclusions of law and not averments of fact for which a response is required. Insofar as a response is required, defendants generally and specifically deny all allegations contained in these paragraphs.

In response to paragraphs 5, 6, and 7, defendants contend that these paragraphs contain conclusions of law and not averments of fact for which a response is required. Insofar as a response is required, defendants admit that Scott Jones was and is the Sheriff of Sacramento County and that Clinton Robinson is a Deputy Sheriff for Sacramento County. Except as so expressly admitted, defendants generally and specifically deny all remaining allegations contained in these paragraphs.

In response to paragraphs 8, 9, and 10, defendants contend that these paragraphs contain conclusions of law and not averments of fact for which a response is required. Insofar as a response is required, defendants generally and specifically deny all allegations contained in these paragraphs.

## III. FACTS COMMON TO ALL CLAIMS

In response to paragraphs 11 and 12, defendants admit that on the evening of December 25, 2019, plaintiff was violently assaulted and battered by her adult son and that in response to a 911 call, Sacramento Sheriff's Deputies responded to the residence. Defendants also admit that during a protective sweep of the home they located three unsecured long guns which were collected for safekeeping. Except as so expressly admitted, defendants generally and specifically deny all remaining allegations contained in these paragraphs.

In response to paragraphs 13 and 14, defendants admit that on December 26, 2019, they returned to the plaintiff's premises and deputies took plaintiff's son into custody without injury to any person. Defendants further admit that following the arrest they recovered a revolver from the

storage structure in which plaintiff's son had been hiding. Further they admit that pursuant to a search warrant deputies seized two additional handguns which were locked in a gun safe. Except as so expressly admitted, defendants generally and specifically deny all remaining allegations contained in these paragraphs.

In response to paragraph 15, defendant generally and specifically deny all allegations contained in this paragraph.

In response to paragraph 16, defendants lack knowledge or sufficient information that would enable it to answer the allegations in this paragraph, and based thereon, generally and specifically deny the allegations in this paragraph.

In response to paragraph 17, 18, and 19, defendants admit that plaintiff was informed that she needed authorization by the CDOJ's Bureau of Firearms before they could return her firearms. Except as so expressly admitted, defendants generally and specifically deny all remaining allegations contained in these paragraphs.

In response to paragraph 20, 21, and 22, defendants generally and specifically deny all allegations contained in these paragraphs.

**FIRST CAUSE OF ACTION -UNLAWFUL ONGOING SEIZURES**

**(Declaratory and Injunctive Relief - 42 U.S.C. § 1983**

**Cal. Const., Art. I §§ 1, 7 / Cal. Civ. Code § 52.1)**

**(As Against All Defendants *except* Robinson)**

In response to paragraph 23, defendants incorporate by reference its responses to paragraphs 1 through 22 of this Answer, as if those paragraphs were fully set forth herein.

In response to paragraphs 24, 25, 26, and 27, defendants generally and specifically deny all allegations contained in these paragraphs.

**SECOND CAUSE OF ACTION - VIOLATIONS OF CONSTITUTIONAL**

**RIGHTS (FEDERAL AND STATE CONSTITUTIONS)**

**(Damages - 42 U.S.C. § 1983 / Cal. Civ. Code § 52.1(c))**

**(As Against All Defendants except Becerra)**

In response to paragraph 28, defendants incorporate by reference its responses to paragraphs

1 through 27 of this Answer, as if those paragraphs were fully set forth herein.

In response to paragraphs 29 and 30, defendants generally and specifically deny all allegations contained in these paragraphs.

### PRAYER

In response to paragraphs 1, 2, 3, 4, 5, and 6, defendants contend that the request for injunctive relief is moot and further they deny that Plaintiff Connie A. Cardinale is entitled to any relief whatsoever.

### AFFIRMATIVE DEFENSES

Defendants hereby submit the following individual, separate, and distinct affirmative defenses to plaintiff's Complaint for Injunctive Relief and Damages.

### FIRST AFFIRMATIVE DEFENSE:

As the first affirmative defense, defendants allege that plaintiff's claims, and each of them, against these answering defendants fails to state claims upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE:

As the second affirmative defense, defendants allege that plaintiff's claims, and each of them, are barred by the doctrines of express or implied consent.

### THIRD AFFIRMATIVE DEFENSE:

As a third affirmative defense, defendants allege that to the extent any claim based on state law is being asserted, each act or omission in the alleged Complaint falls within the immunities and defenses described in California Government Code §§ 815, et seq., and 900, et seq.

### FOURTH AFFIRMATIVE DEFENSE:

As the fourth affirmative defense, defendants allege that plaintiff's own conduct estops plaintiff from claiming the damages alleged in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE:

As the fifth affirmative defense, defendants allege that to the extent that any claim based upon state law is asserted, each act or omission alleged in the Complaint falls within the immunities and defenses provided for in California Government Code § 820.2.

///

**SIXTH AFFIRMATIVE DEFENSE:**

As the sixth affirmative defense, defendants allege that at all times mentioned in the Complaint and immediately prior thereto, plaintiff was herself careless and negligent in and about the matters described in the Complaint, and that such negligence and carelessness on the part of the plaintiff proximately caused the damages she seeks herein, if any there are.

**SEVENTH AFFIRMATIVE DEFENSE:**

As the seventh affirmative defense, defendants allege that plaintiff, with the exercise of reasonable diligence and effort, would have and could have mitigated the damages alleged in the Complaint, if any there are, and that the resultant damages, if any, complained of in the Complaint were directly and proximately caused by the failure, neglect, and refusal of plaintiffs to exercise reasonable diligence and effort to mitigate the damages alleged.

**EIGHTH AFFIRMATIVE DEFENSE:**

As the eighth affirmative defense, defendants allege that to the extent that any claim based upon state law is asserted, each act or omission alleged in the Complaint falls within the immunities and defenses provided for in California Government Code § 820.4.

**NINTH AFFIRMATIVE DEFENSE:**

As the ninth affirmative defense, defendants allege that plaintiff's state law claims are barred on the grounds that plaintiff failed to fully comply with the California Government Tort Claims Act.

**TENTH AFFIRMATIVE DEFENSE:**

As the tenth affirmative defense, defendants allege that plaintiff's state law claims, and each of them, are barred to the extent they exceed or vary from those set forth in the Government Tort Claim.

**ELEVENTH AFFIRMATIVE DEFENSE:**

As the eleventh affirmative defense, defendants allege that to the extent that any claim based upon state law is asserted, each act or omission alleged in the Complaint falls within the immunities and defenses provided for in California Government Code § 820.8.

///

**TWELFTH AFFIRMATIVE DEFENSE:**

As the twelfth affirmative defense, defendants contend that plaintiff's injuries and damages, if any, were legally caused or contributed to by the negligence or fault of persons or entities other than these answering defendants.

**THIRTEENTH AFFIRMATIVE DEFENSE:**

As the thirteenth affirmative defense, defendants allege that in the event plaintiff recovers a judgment against these answering defendants, requests is made that any such liability be apportioned under equitable principles with that of any other persons or entities also responsible to plaintiffs.

**FOURTEENTH AFFIRMATIVE DEFENSE:**

As a fourteenth affirmative defense, defendants allege that to the extent that any claim based upon state law is asserted, each act or omission alleged in the Complaint falls within the immunities and defenses provided for in California Government Code § 821.6.

**WHEREFORE**, Defendants Scott R. Jones, Clinton Robinson, County of Sacramento, and Sacramento County Sheriff's Department pray that judgment be entered on its behalf for costs of suit herein, and for such other relief as the Court deems just and proper.

DATED: May 17, 2022

RIVERA HEWITT PAUL LLP

/s/ Jonathan B. Paul
JONATHAN B. PAUL
CHRISTOPHER L. JANOF
Attorneys for Defendants
Scott R. Jones, Clinton Robinson,
County of Sacramento, and
Sacramento County Sheriff's Department

/ / /
/ / /
/ / /
/ / /
/ / /

**DEMAND FOR JURY TRIAL**

Defendants SCOTT R. JONES, CLINTON ROBINSON, COUNTY OF SACRAMENTO, AND SACRAMENTO COUNTY SHERIFF'S DEPARTMENT demand a jury trial as provided for in Rule 38 of the Federal Rules of Civil Procedure.

DATED: May 17, 2022

RIVERA HEWITT PAUL LLP

*/s/ Jonathan B. Paul*
JONATHAN B. PAUL
CHRISTOPHER L. JANOF
Attorneys for Defendants
Scott R. Jones, Clinton Robinson,
County of Sacramento, and
Sacramento County Sheriff's Department