**DONALD W. COOK**, CSB 116666
ATTORNEY AT LAW
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA 90010
(213) 252-9444; (213) 252-0091 facsimile
E-mail: manncooklaw@gmail.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONNIE A. CARDINALE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>XAVIER BECERRA, an individual sued in his official capacity only; SCOTT R. JONES, an individual sued in his official and individual capacities; COUNTY OF SACRAMENTO, a governmental entity; SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, a public entity; CLINTON ROBINSON (#305), an individual sued in his official and individual capacities; and Does 1 through 20, all sued in their individual capacities,<br><br>Defendants. | Case No. 2:20-cv-1325-MCE-CKD<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANTS' EXHIBIT D TO ECF 50-2; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DONALD W. COOK**<br><br>Date: Thursday, 8/10/23<br>Time: 10:00 a.m.<br>Ctrm: 7 |

TO THE HON. MORRISON C. ENGLAND, JR., SENIOR UNITED STATES DISTRICT JUDGE, DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on Thursday, August 10, 2023, at 10:00 a.m., or as soon thereafter as the parties may be heard in Courtroom 7 of the Robert T. Matsui United States Courthouse, located at 501 I Street, Sacramento, California, Plaintiff will move the Court for an order as follows:

-1-

- Striking from the record on Plaintiff's motion for partial summary judgment (ECF 45), Defendants' Exhibit D (ECF 50-2 @ pp. 52-68) – a *S*acramento *C*ounty *S*heriff's *D*epartment ("SCSD") CAD report.

This motion will be pursuant to Rule 37(c)(1), Federal Rules of Civil Procedure, and based upon this Notice, the accompanying Memorandum of Points and Authorities and Declaration of Donald W. Cook, and upon such other and further evidence and argument as the Court deems necessary or convenient.

DATED: July 6, 2023

**DONALD W. COOK**
Attorney for Plaintiff

By_____
Donald W. Cook

00156627.WPD

**I. Overview and Relief Requested.**

Under 42 U.S.C. § 1983, Plaintiff Connie Cardinale sues the County of Sacramento ("County"), the Sacramento County Sheriff's Department ("SCSD"), Sacramento County Sheriff Scott R. Jones ("Jones"), and Sacramento County Deputy Clinton Robinson ("Robinson"). Plaintiff contends defendants prepared and executed an overbroad search warrant, and wrongfully seized and withheld from Plaintiff her lawfully acquired firearms.

Presently pending is Plaintiff's motion for partial summary judgment (ECF 45). In opposition to that motion, defendants have filed a purported 17 page SCSD *C*omputer-*A*ided *D*ispatch ("CAD") report concerning the December 26, 2019 events at issue on Plaintiff's Rule 56 motion. *See* ECF 50-2 filed 6/30/23 @ pp. 52-68 (Defendants' Exhibit D). Besides being subject to serious authentication and hearsay objections,[1] defendants' Exhibit D was submitted in violation of F.R.Cv.P. 37(c)(1). Thus, under Rule 37(c) and apart from Plaintiff's admissibility objections, the Court should strike defendants' Exhibit D from the record on the pending Rule 56 motion and preclude defendants from relying on it.

**II. Defendants Wrongfully Withheld Production Of Exhibit D During Discovery.**

Defendants admit they did not produce their Exhibit D until June 30, 2023, when defendants filed their summary judgment opposition papers. Cook decl. ¶4 & **Exhibits A** and **B** thereto.

Defendants' belated disclosure of Exhibit D after the May 17, 2023 discovery cut-off,[2] violated their discovery disclosure obligations. *See* F.R.Cv.P. 26(a)(1)(A)(ii) ("[A]

---

[1] See the separately-filed "Plaintiff's Objections to Defendants' Evidence Submitted in Opposition to Plaintiff's Motion for Partial Summary Judgment," filed July 10, 2023.

[2] The last answer was filed May 17, 2022. ECF 44 filed 5/17/22 (Answer by Sacramento County defendants). The discovery cut-off was thus 365 days after that date, or May 17, 202*3*. *See* ECF 4 7/2/20 Order @ 2:18-20.

00156627.WPD

party must, without awaiting a discovery request, provide to other parties . . . a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment."); Cook decl. ¶¶3, 5 (Defendants should have produced Exhibit D nearly two years ago in response to Plaintiffs' Rule 34 production requests.).

**III. The Court Should Preclude Defendants From Relying On Exhibit D.**

For a party who violates his discovery disclosure obligations, the Court is empowered to impose an appropriate sanction on that party. In relevant part, F.R.Cv.P. 37(c) states:

(c) *Failure to Disclose, to Supplement an Earlier Response, or to Admit*.

(1) Failure to Disclose or Supplement. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

. . . .

(C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)—(vi).

To avoid sanctions, it is defendants' burden to show that their Rule 37(c) violation was harmless. *Yeti by Molly, Ltd. V. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001). Furthermore, imposition of sanctions under Rule 37(c) does not require a showing of bad faith. *Hyde Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir. 1994).

Defendants cannot carry their burden. First, defendants' only "explanation" for their non-disclosure discovery violation is their counsel's one sentence statement that Exhibit D was "unintentionally omitted." (*See* **Exhibit B** hereto.) There is no explanation how this could have occurred. There is no declaration from anyone explaining how the

non-disclosure was "untentional[]."

Second, by producing Exhibit D years late and *after* the discovery cut-off (and even then only because Plaintiff's counsel had brought defendants' non-disclosure violation to defense counsel's attention) defendants have deprived Plaintiff of any opportunity to conduct discovery based on Exhibit D. For example, Plaintiff was unable to use Exhibit D in the deposition questioning of defendant Det. Robinson. Cook decl. ¶5. This was particularly harmful. Exhibit D has many narrative entries by anonymous persons. Meanwhile, defendants admit that Det. Robinson relied on CAD entries in preparing his search warrant application. *See* ECF 50-1 filed 6/30/23 @ page 4 (In response to Plaintiff's undisputed fact no. 10, defendants admit Robinson relied on CAD entries.). Defendants also deprived Plaintiff of the opportunity to ascertain the identities of persons responsible for the narrative entries on Exhibit D and the narratives' reliability.

**IV. Conclusion.**

For the foregoing reasons the Court should issue an order striking defendants' Exhibit D from the record on the summary judgment motion, and preclude defendants from relying on Exhibit D.

DATED: July 6, 2023

**DONALD W. COOK**
Attorney for Plaintiff

By _____
Donald W. Cook

**DECLARATION OF DONALD W. COOK**

I, DONALD W. COOK, declare:

1. I am counsel for Ms. Cardinale.

2. Upon reviewing defendants' ECF 50-2 (defense counsel's declaration) I saw that defendants had submitted as their Exhibit D a 17 page "CAD Vew Events Details" document. Unlike the other CAD report (see Exhibit A to ECF 45-2 filed 6/2/23 @ pp. 5-22) defendants' Exhibit D concerned events of December **26**, or the day after the assault on Ms. Cardinale. December 26 is also the day that defendant Det. Robinson had his limited involvement in this case, *i.e.,* preparing and submitting the warrant application (Exhibit F to ECF 45-2) to the superior court. Defendants' Exhibit D has pages of narrative entries by unknown persons, many of which defendants highlighted as supposedly being significant to their summary judgment opposition.

3. Because I did not recognize defendants' Exhibit D, I went through my file on defendants' discovery responses and verified that according to my records defendants had never previously identified or produced their Exhibit D. This included not producing it in response to Plaintiffs' first set of Rule 34 production requests which specifically called for production of any and all CAD reports. These Rule 34 requests were propounded June 16, 2021 and defendants served their response (pursuant to an agreed-upon extension) August 24, 2021.

4. Upon verifying that my records showed that defendants had not previously identified or produced their Exhibit D, I emailed defense counsel so informing him. See **Exhibit A**, true copy of my email. Yesterday, July 5, I received defense counsel's email response. In it, defense counsel acknowledged his clients had not produced their Exhibit D in discovery as they should have. See **Exhibit B**, true copy of defense counsel's email.

5. Had defendants produced their Exhibit D when they should have, meaning not later than August 24, 2021 (instead of June 30, 2023, or well after the discovery cut-off) I would have conducted discovery using defendants' Exhibit D. That discovery would have included identifying the sources of information reflected in Exhibit D's narrative

-6-

entries, their reliability and so on. This was particularly important for the deposition of defendant Det. Robinson, whom I deposed June 27, 2022. Det. Robinson prepared the warrant application (Exhibit F to ECF 45-2) and testified that in addition to what deputies told him, Det. Robinson relied on the Sheriff's department CAD entries.

I declare under penalty of perjury that the foregoing is true and correct. Executed July 6, 2023, at Los Angeles, California.

_____
Donald W. Cook