**DONALD W. COOK**, CSB 116666
ATTORNEY AT LAW
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA 90010
(213) 252-9444; (213) 252-0091 facsimile
E-mail: manncooklaw@gmail.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONNIE A. CARDINALE, an individual,<br><br>          Plaintiff,<br><br>vs.<br><br>XAVIER BECERRA, et al.,<br><br>          Defendants. | Case No. 2:20-cv-1325-MCE-CKD<br><br>**PLAINTIFF'S REPLY TO OPPOSITION TO MOTION FOR ADMINISTRATIVE RELIEF**<br><br>Date: N/A<br>Time: N/A<br>Ctrm: 7 |

# I. MAKING THE PHOTOGRAPHS A PUBLIC RECORDS SERVES NO LEGITIMATE INTEREST WHATSOEVER.

Defendants' assertion that "[t]he photos are relevant to and critical in establishing the exigent circumstances giving rise to the lawful warrantless search and seizure on December 25, 2019," ECF 57 @ 3:23-24, is patently frivolous:

● It is undisputed that Plaintiff's son, using his hands, feet and a wooden dowel, assaulted and battered his mother, thereby inflicting serious injuries on her. The record establishes that the December 25, 2019 responding deputies were not only so informed, they also described Ms. Cardinale's injuries. ECF 45-2 @ page 24 (Deputy Allgeier reports "CARDINALE could barely walk as she stated he was nauseous and didn't feel good. CARDINALE had swollen eyes, fresh and dried blood all over her face and had complaint [sic] of pain to her left arm.").

● The defense argument that Plaintiff's Rule 56 motion "downplays the severity" of Ms. Cardinale's injuries (ECF 57 @ 4:7) could not be more untrue. Besides including a complete copy of Deputy Allgeier's report (see ECF 45-2 @ pp. 24-28) which includes Ms. Cardinale's statement on how her injuries occurred – a statement that does *not* minimize in any way how Ryan Stucky assaulted and battered his mother – Plaintiff's motion states: "Stucky began arguing with his mother. Without warning, he suddenly became violent. Using his hands and feet and then a wooden dowel, he struck and hit Ms. Cardinale repeatedly, seriously injuring her. Ms. Cardinale fled into her bedroom's bathroom, locked and barricaded the door." ECF 45 @ 9:14-17.

● Whatever the legal merit of defendants' assertion that the seriousness of Ms. Cardinale's injuries establishes an exigency for the December 25 seizure of the four long guns,[1] that argument does not suffer in the slightest if the embarrassing photographs of Ms. Cardinale are kept out of the public record. For the facts of Ms. Cardinale's serious

---

[1] It is Plaintiff's position that even had Ms. Cardinale died from her injuries, that was not an exigency justifying the December 25 seizures. However, on this administrative motion that issue is not before the Court.

00156787.WPD

injuries and how she incurred them, are undisputed.[2]

- The photographs are also completely irrelevant to the events of December 26, the day *after* the beating. The warrant's affiant never saw either Ms. Cardinale *or* the photographs. *See* ECF 50-1 @ pp. 4-5 (defendants' response to Plaintiff's Undisputed Material Fact No. 10). There is not a scintilla of evidence (defendants cite none) that any deputy involved in the December 26 arrest of Ryan Stucky and execution of the 12/26/19 search warrant, either saw Ms. Cardinale's injuries or the three photographs. Nor does any deputy claim he or she relied on the three photographs in doing whatever the deputy did.

A photograph of a rape victim's injury to her genitalia which she claims occurred when her assailant forcibly assaulted her, has evidentiary value. Yet no decent litigator would argue the photograph should be made part of a public court case file short of determination of the ultimate issue, *i.e.,* was the victim assaulted as she claimed? Here, there is *no* dispute that Ms. Cardinale was assaulted, who did it and why, that she suffered serious injuries as a result, all of which the deputies learned within minutes of their arrival at Ms. Cardinale's home on December 25. ECF 45 @ 9:14-17; ECF 45-2 @ pp. 24-28.

That defendants do not dispute that they previously withheld the photographs from the district attorney and Plaintiff (*see* ECF 51 @ pp. 5-6 (¶6)) is their implicit recognition that the photographs are embarrassing such that their distribution had to be limited.

Perhaps defendants and their counsel are upset that Ms. Cardinale, a victim of a felony assault by her son in which he inflicted injuries on his mother, is suing defendants notwithstanding that deputies were responding to Ms. Cardinale's pleas for help. Maybe in the thinking of defendants and their attorneys, a person ought to be grateful that the police responded (as the police should) to a person's request for police assistance. That

---

[2] In their opposition, defendants finally admit what defendant Robinson refused to concede when he was deposed – Ryan Stucky's assault on his mother was motivated by his schizophrenia. ECF 57 @ 2:9-10.

thinking, however, cannot justify what defendants and their counsel did here. Publicly distribute three photographs where their public dissemination serves only to (a) embarrass Ms. Cardinale, and (b) reflect a probable effort to induce the Court to issue a ruling in defendants' favor based on emotion.

**II. The Administrative Motion Is The Proper Vehicle.**

The three photographs have no relevancy to any issue. Meanwhile, the photographs are embarrassing to Ms. Cardinale. Every day the photographs remain on the public ECF docket, is thus another day of embarrassment and distress to Ms. Cardinale. The Court should therefore grant the motion as it will have no impact on any issue before this Court.

DATED: July 20, 2022

**DONALD W. COOK**
Attorney for Plaintiff

By _/s/ Donald W. Cook_
Donald W. Cook

00156787.WPD