1  **DONALD W. COOK**, CSB 116666
   ATTORNEY AT LAW
2  3435 Wilshire Blvd., Suite 2910
   Los Angeles, CA  90010
3  (213) 252-9444; (213) 252-0091 facsimile
   E-mail: manncooklaw@gmail.com
4
   Attorney for Plaintiff
5

6

7

8                  **UNITED STATES DISTRICT COURT**

9                  **EASTERN DISTRICT OF CALIFORNIA**

10

11 | CONNIE A. CARDINALE, an individual, | Case No. 2:20-cv-1325-MCE-CKD |
   | | |

12 |             Plaintiff, | **PLAINTIFF'S ADMINISTRATIVE MOTION TO STRIKE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF 61)** |

13 | vs. | |

14 | XAVIER BECERRA, an individual sued in his official capacity only; SCOTT R. JONES, an individual sued in his official and individual capacities; COUNTY OF SACRAMENTO, a governmental entity; SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, a public entity; CLINTON ROBINSON (#305), an individual sued in his official and individual capacities; and Does 1 through 20, all sued in their individual capacities, | |

15

16

17

18

19

20

21 |             Defendants. | |

22

23 TO THE HON. MORRISON C. ENGLAND, JR., SENIOR UNITED STATES

24 DISTRICT JUDGE, DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

25        Pursuant to Eastern District L.R. 233, Plaintiff files this administrative motion to

26 strike defendants' motion for summary judgment (ECF 61 filed November 13, 2023).

27 Defendants filed their motion in violation the Court's Initial Pretrial Scheduling Order

28 (ECF 4 filed July 2, 2020) in that:

-1-

● defendants' motion raises issues already before the Court on Plaintiff's F.R.Cv.P. 56 motion for summary adjudication (ECF 45 [filed June 2, 2023] @ 2:1 - 3:13) yet defendants did not seek leave of Court for filing a separate F.R.Cv.P. 56 motion. *See* 7/2/20 Order @ 4:8-9 ("*Absent leave of the Court*, all issues the parties wish to resolve on summary judgment must be raised together in one (1) motion or cross-motion." [Emphasis added.]).

● defendants' motion is untimely. *See* 7/2/20 Order @ 4:6-7 ("The parties shall file dispositive motions no later than one hundred eighty (180) days after the close of non-expert discovery."). Defendants were served with the summons and complaint on July 10, 2020. *See* ECF 6, 7, 8 and 9. Their answers were thus due July 31, 2020, thereby making the non-expert discovery-cut date Monday, August 2, 2021. 7/2/20 Order @ 2:18-20 ("All discovery, with the exception of expert discovery, shall be completed no later than three hundred sixty-five (365) days from the date upon which the last answer may be filed with the Court pursuant to the Federal Rules of Civil Procedure.").[1] Defendants, however, filed their Rule 56 motion on November 13, 2023, or more than two years late.

**Re Notice:**

On November 13, 2023, via email I notified defense counsel Jill Nathan and Jonathan Paul that their clients' Rule 56 motion was filed in violation of the Court's July 2, 2020 Order and unless withdrawn, Plaintiff would file an administrative motion to strike. Via email, defense counsel responded contending their clients' motion was timely filed[2]; hence, defendants would not withdraw it.

---

[1] That defendants did not file their answers until May 17, 2022 (see ECF 44) is irrelevant. The Court's July 2, 2020 Order states the triggering date for calculating the non-expert DCO is the date the answer was ***due*** (" . . . date upon which the last answer may be filed with the Court *pursuant to the Federal Rules of Civil Procedure*.") and *not* the date the answer was actually filed.

[2] Defense counsel calculated the motion cut-off date as November 13, 2023, contending that the non-expert discovery date was calculated from May 17, 2022, the date defendants filed their answer, and *not* July 31, 2020, the date defendants' answer was due.

-2-

00158222.WPD

DATED: November 27, 2023

**DONALD W. COOK**
Attorney for Plaintiff

By _____
Donald W. Cook

00158222.WPD