**DONALD W. COOK**, CSB 116666
ATTORNEY AT LAW
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA 90010
(213) 252-9444; (213) 252-0091 facsimile
E-mail: manncooklaw@gmail.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONNIE A. CARDINALE, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> XAVIER BECERRA, an individual sued in his official capacity only; SCOTT R. JONES, an individual sued in his official and individual capacities; COUNTY OF SACRAMENTO, a governmental entity; SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, a public entity; CLINTON ROBINSON (#305), an individual sued in his official and individual capacities; and Does 1 through 20, all sued in their individual capacities, <br><br> Defendants. | Case No. 2:20-cv-1325-MCE-CKD <br><br> **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** <br><br> Date: Under submission <br> Time: N/A <br> Ctrm: 7 |

00158225.WPD

**I. Defendants' Motion Does Not Address That The Search Warrant Was Overbroad As To Items 4, 6, 7, 8, 9, 10, 11 And The Unnumbered Request Concerning Vehicles.**

Plaintiff's lawsuit contends that the deputies did not have probable cause to search for and seize nine items of the eleven property items listed in the warrant.[1] Defendants' Rule 56 motion, however, argues only probable cause for the firearms category (item no. 2); defendants' motion says nothing about the other eight items for which the warrant was overbroad. That is, defendants' motion presents *nothing* establishing "probable cause" to search for and seize property items no. 4 (financial records); no. 6 (identity of the Orangevale homeowner); no. 7 (identities of persons related to the homeowner); no. 8 (digital storage devices); no. 9 (cell phones, smart phones etc.); no. 10 (locked safes, boxes and other storage containers); no. 11 (legal and illegal narcotics); and the unnumbered request for searching and seizing all vehicles. Defendants make no effort to explain probable cause for searching for illegal narcotics, or the Orangevale residence's

---

[1] Although numbered 1 through 11, there was no property item no. 5. Additionally, there was an unnumbered request covering vehicles. Hence, the warrant application identified a total of 11 property items to search, ten of which were numbered. Of these 11 property items, Plaintiff does not dispute the deputies had probable cause for searching for and seizing item nos. 1 and 3 – physical evidence related to Ryan Stucky's assault on his mother (*see* ECF 45-2 @ pp. 40-41). In this lawsuit Plaintiff challenges as overbroad only the following nine property items: no. 2 (firearms and related items); no. 4 (financial records); no. 6 (items establishing the identity of the Orangevale homeowner); no. 7 (records of names and addresses of persons associated with the homeowner); no. 8 (digital storage devices, e.g., computers, hard drives and the like); no. 9 (cell phones, smart phones and their related devices such as memory cards, cords, chargers); no. 10 (locked safes, boxes and other storage containers); no. 11 (legal and illegal narcotics); and the unnumbered request to search *and* seize all vehicles at the Orangevale address. *See* ECF 45 @ pp. 2:4-3:2.

Should defendants argue that Plaintiff's Complaint did not allege the warrant's overbreadth as to items other than the specific items of the firearms, the argument is meritless. The Complaint put defendants on notice of Plaintiff's overbreadth claims. *Leatherman v. Tarrant County*, 507 U.S. 163, 168 (1993); *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 624 (9th Cir. 1988). And if defendants thought differently, then they should have sought a ruling under F.R.Cv.P. 12(b)(6).

homeowner records, or Ms. Cardinale's financial records, computers, smart phone etc., or Ms. Cardinale's address books or contact records.

Defendants were obligated to establish "probable cause" for every one of the nine challenged property items. *In re Grand Jury Subpoenas*, 926 F.2d 847, 857 (9th Cir. 1991); *United States v. Spilotro*, 800 F.2d 959, 963 (9th Cir. 1986). For reasons already shown in Plaintiff's Rule 56 motion (ECF 54 @ 7:12-3:17) defendants thus concede that the warrant was overbroad as to eight of the nine challenged categories.

As to defendants' remaining arguments, because most have already been addressed in Plaintiff's Rule 56 motion, both moving and reply papers (ECF 45 and 54) Plaintiff limits this opposition to a few salient points.

**II. The December 25, 2019 Warrantless Seizure Of Plaintiff's Long Guns Violated The Second And Fourth Amendments.**

Defendants admit that their warrantless seizure of Plaintiff's long guns on December 25 was for "safekeeping" and *not* because the firearms were evidence of crime or contraband. ECF 50-1 filed 6/30/23 @ page 2 (response to fact no. 3). That alone establishes the Fourth Amendment violation. *United States v. Hawkins*, 249 F.3d 867, 872 (9th Cir. 2001) (Property seizure without a warrant is "per se unreasonable" with "burden on [the government] to persuade the district court that [the] seizure comes 'under one of a few specifically established exceptions to the warrant requirement.' "); *Caniglia v. Strom*, 141 S.Ct. 1596, 1599-00 (2021) (Fourth Amendment does not authorize police to seize legal firearms that are not evidence of crime under a "community caretaking" exception to the warrant requirement.).

Regarding the December 25, 2019 seizures, defendants' reliance on the "emergency" exception is without merit. Defendants admitted that *none* of Plaintiff's long guns were contraband or evidence of crime, while defendants offered no evidence of "an actual or imminent injury inside [Ms. Cardinale's] home" when the officers seized the long guns. Hence, as a matter of law there was no emergency exception to the warrant requirement. *Bonivert v. City of Clarkson*, 883 F.3d 865, 876-77 (9th Cir. 2018).

00158225.WPD

The seizure also violated the Second Amendment in that defendants do not offer any justification showing that warrantless seizure of firearms for "safekeeping" comports with "firearm regulation broadly in effect when the Second or Fourteenth Amendment was ratified." *Baird v. Bonta*, 81 F.4th 1036, 1040-41 (9th Cir. 2023) (*citing New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S.Ct. 2111, 2129-30 (2022)).

**III. Except For The Smith & Wesson Revolver, The Warrant Was Overbroad In Seeking Seizure Of All Of Plaintiff's Firearms.**

Other than the specifically-identified Smith & Wesson revolver Ryan Stucky took on December 25, 2019, defendants did not have probable cause for seizing the other firearms whether with or without a warrant. *Millender v. County of Los Angeles*, 620 F.3d 1016, 1024-27 (9th Cir. 2010) (*en banc*) (Warrant authorizing seizure of *all* firearms when police knew that the only firearm involved in crime was a " 'black sawed off shotgun with a pistol grip,' " was overbroad in violation of the Fourth Amendment.), *overruled on oth. grds. sub. nom.*, *Messerschmidt v. Millender*, 565 U.S. 535 (2012).[2]

It is also worth noting that the facts here are more egregious than in *Millender*. There, the warrant's affiant truthfully stated that the warrant's target had used the firearm ("black sawed off shotgun with a pistol grip") to shoot at the victim. Here, there was (a) no shooting and (b) Robinson (the warrant's affiant) *falsely* stated that there had been a shooting. ECF 45-2 @ page 42 (item 10: " . . . which could contain evidence *related to the **shooting***.").

**IV. Defendants' Refusal To Promptly Return Plaintiff's Firearms Violated the Second And Fourth Amendments.**

**A. Second Amendment.**

"A government may regulate the manner of that carry [of a firearm] only if it demonstrates that the regulation is identical or closely analogous to a firearm regulation

---

[2] As previously explained, the Ninth Circuit's *en banc* holding on this point remains the law in this Circuit. ECF 45 (filed 6/2/23) at page 15 fn.1.

broadly in effect when the Second or Fourteenth Amendment was ratified." *Baird v. Bonta*, 81 F.4th at 1040-41.

Defendants have offered *nothing* that their refusal to return to Ms. Cardinale's her firearms was justified by a "closely analogous [] firearm regulation broadly in effect when the Second or Fourteenth Amendment was ratified." Defendants' failure to do so is fatal to their motion. *Baird*, 81 F.4th at 1041 ("A district court should not try to help the government carry its burden by sift(ing) . . . historical materials to find an analogue.") (Cleaned up.).

*Frein v. Pennsylvania State Police*, 47 F.4th 247 (3rd Cir. 2022) is on point. There, pursuant to a warrant the police seized various firearms belonging to the *parents* of the suspect. The police later refused to return the firearms to the parents even though the police admitted the firearms (a) were lawfully possessed by the parents, (b) were not contraband and (c) were not evidence of *any* crime the police were investigating. The district court dismissed the parents' claims of wrongful takings in violation of the Fifth Amendment, and their Second Amendment claims, and the parents appealed. *Held*: the police refusal to return the firearms violated the Second Amendment (in addition to constituting a takings without compensation). In holding that "the Second Amendment protect[ed] [the parents'] right to keep [their] lawfully owned guns," *Frein* applied *Bruen's* analytical framework on whether " 'this Nation's historical tradition' " of Second Amendment protections, justified the police refusal to return the firearms. 47 F.4th at 253-54. In so doing the Third Circuit noted that *Bruen* "abrogat[ed]" the Third Circuit's "previous framework for evaluating Second Amendment challenges." *Id.* Relying on *Bruen* and *District of Columbia v. Heller*, 554 U.S. 570 (2008), *Frein* held that the police refusal to return the firearms violated the parents' Second Amendment right that they can " 'retain' their firearms 'in (their) custody.' " 47 F.3d at 253-56

Defendants' lame argument that seizing and withholding from Ms. Cardinale her firearms did not stop her from obtaining replacement firearms, is frivolous. The Second and Fourth Amendments protected possessory interests in *her* firearms. *Brewster v. Beck*,

-5-

859 F.3d 1194, 1196-97 (9th Cir. 2017) (30 day impound of Plaintiff's vehicle violated her Fourth Amendment rights to her possessory interests in that vehicle); *Frein v. Pennsylvania State Police*, 47 F.4th 247, 254 (3rd Cir. 2022) ("The Second Amendment's text protects a person's right to **keep his own guns** for self-defense." [Emphasis added].).

Were defendants' argument correct, then the Supreme Court got it wrong in *Caniglia*. Likewise, the Third Circuit missed the boat when it held in *Fruin* that the police refusal to promptly return the firearms to their owners, violated the Second Amendment as interpreted by *Bruen*. Also wrongly decided under defendants' logic, were the Ninth Circuit decisions in *Brewster* and *Miranda*. In both those cases the police seized and impounded the plaintiffs' vehicles. Hence, applying defendants' reasoning the vehicle impoundments were constitutional since state law did not prevent the plaintiffs "from purchasing, possessing, or utilizing" other vehicles.

**B. The Fourth Amendment.**

The ongoing seizures of Ms. Cardinale's firearms were Fourth Amendment seizures that required justification. *Brewster*, 859 F.3d at 1195-96; *Sandoval v. County of Sonoma*, 912 F.3d 509, 516-17 (9th Cir. 2018); *Snitko v. United States*, 2021 WL 3139706 *2 (C.D. Cal. 2021) (Pursuant to a warrant the government seized cash belonging to the plaintiff but later admitted that the cash was not contraband or implicated in criminal activity. Citing *Brewster*, the district court held that "the Fourth Amendment [was] implicated by the Government's delay in returning seized property, irrespective of the Government's initial basis for seizing the property," and ordered that the government return the cash to its owner.).

Defendants' argument that state law justified both the December 25, 2019 seizures (ECF 61-1 @ page 16 fn.2) and defendants' later refusal to return to Ms. Cardinale her firearms until she compiled with California Department of Justice regulations (ECF 61-1 @ 23:12-14), is frivolous. State laws and regulations, in and of themselves, cannot establish constitutional justification. U.S. Const., Art. VI (Supremacy Clause); *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. \_\_, 142 S.Ct. 2111, 2125-26 (2022);

*Brewster v. Beck*, 859 F.3d at 1196-97 (9th Cir. 2017) (Notwithstanding state law mandating that the vehicle be impounded for 30 days, the impound was unconstitutional.); *Miranda v. City of Cornelius*, 429 F.3d 858, 864 (9th Cir. 2005) (Property seizure "pursuant to the authority of a city ordinance and state statute does not, in and of itself, determine the reasonableness of the seizure under the Fourth Amendment . . .").

**V. The Entity Defendants Are Liable For The § 1983 Violations.**

For reasons previously explained, the two entity defendants (Sacramento County and its Sheriff's Department) are liable for the constitutional violations. ECF 45 filed 6/23/23 @ 20:16-21:1; ECF 54 filed 7/10/23 @ 6:17-9:18.

Defendants' claim that Plaintiff's allegations were insufficient to show *Monell* claims (ECF 61-1 @ 14:3-7) is meritless. Federal courts apply a "notice" pleading standard. *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *reaffirmed Leatherman v. Tarrant County*, 507 U.S. 163, 168 (1993). Thus, the allegations in Plaintiff's complaint were sufficient to put defendants on notice of Plaintiff's *Monell* claims. *See Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 624 (9th Cir. 1988). If defendants did not think so, then they should have sought the Court's ruling on a F.R.Cv.P. 12(b)(6) motion.

**VI. No Individual Defendant Is Entitled To Qualified Immunity.**

As of December 2019, the law was clearly established that there must be probable cause for each specific property item a law enforcement officer seizes even if the officer has an otherwise valid warrant. *United States v. Spilotro*, 800 F.2d 959, 963 (9th Cir. 1986). Furthermore, the law was also clearly established that when the officer knows the specific firearm at issue for seizure as either evidence and/or contraband, the officer may *not* seek to seize *all* firearms regardless of type, make or model, and *all* firearms-related items. *Millender*, 620 F.3d at 1024-27.

///

///

///

00158225.WPD

## VII. Conclusion.

For the foregoing reasons defendants' motion must be denied.

DATED: November 27, 2023

**DONALD W. COOK**
Attorney for Plaintiff

By_____
  Donald W. Cook