1  **DONALD W. COOK**, CSB 116666
   ATTORNEY AT LAW
2  3435 Wilshire Blvd., Suite 2910
   Los Angeles, CA 90010
3  (213) 252-9444; (213) 252-0091 facsimile
   E-mail: manncooklaw@gmail.com
4
   Attorney for Plaintiff
5

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONNIE A. CARDINALE, an individual, | Case No. 2:20-cv-1325-MCE-CKD |
| Plaintiff, | **PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION (ECF 67) TO MOTION TO STRIKE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| vs. | |
| XAVIER BECERRA, an individual sued in his official capacity only; SCOTT R. JONES, an individual sued in his official and individual capacities; COUNTY OF SACRAMENTO, a governmental entity; SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, a public entity; CLINTON ROBINSON (#305), an individual sued in his official and individual capacities; and Does 1 through 20, all sued in their individual capacities, | Date: N/A<br>Time: N/A |
| Defendants. | |

-1-

**I. Defendants' Procedural Misstatements.**

In reciting the procedural history of this litigation, defendants claim that this lawsuit is *only* about the "seizures [of Plaintiff's firearms] by the Sheriff's Department and alleged delay in returning Plaintiff's firearms." ECF 67 @ 2:8-9. Defendants are Wrong. In the parties' Joint Status Conference Re Settlement and Case Status (ECF 38 filed 6/25/21) defendants acknowledged that Plaintiff's claims included, in addition to the firearms' seizures, "procurement and execution of an overbroad search warrant" *and* "unreasonable execution of the warrant, causing significant damage to Plaintiff's property." ECF 38 @ 3:24-28.

**II. It Was Defendants' Obligation To Seek A Joint Rule 56 Motion.**

Defendants brazenly claim they were not obligated to seek resolution of their issues on a joint Rule 56 motion because, defendants say, it was *Plaintiff's* obligation to insure that defendants complied with the Court's July 2, 2020 Order (ECF 4). ECF 67 @ 3:3-5 (Defendants complain they could not comply with the Court's order because Plaintiff did not inquire of defendants if they too were intending to seek Rule 56 relief.).

Though it may come as a surprise to defense counsel, Plaintiff's counsel was under no obligation to solicit defendants to bring their own Rule 56 motion. Plaintiff's counsel's duties and obligations run to his client and to the Court; if defendants need to be told by Plaintiff's counsel that defendants must seek Rule 56 relief, defendants need to hire new counsel.

Furthermore, defendants' claim they were excused from having not comply with the Court's July 2, 2020 Order because it was allegedly "impossible" to resolve all issues in one motion, is untrue. Through counsel, defendants could have sought cooperation from Plaintiff and her counsel for having the Court hear a single Rule 56 motion addressing both sides' issues. Defendants though never sought any such cooperation. Moreover, defendants could have (and should have) asked this Court for permission to bring its own Rule 56 motion. 7/2/20 Order @ page 4, line 8 ("*Absent leave of Court*" Rule 56 issues "must" be raised in a single motion.). Defendants did not seek permission;

instead, defendants simply filed their Rule 56 motion with no acknowledgment of their obligations.

**III. Defendants Waive Their Objections To The Timeliness Of Plaintiff's Rule 56 Motion.**

Defendants argue their failure to comply with the Court's July 2, 2020 Order should be ignored because Plaintiff's Rule 56 motion (ECF 45) was not timely failed. ECF 67 @ 4:10-11. Again, defendants and their counsel ignore a fundamental rule of litigation practice. When a party does not object, the party is deemed to have *waived* even a potentially meritorious objection. *Cf. Tritchler v. County of Lake*, 358 F.3d 1150, 1053 (9th Cir. 2004) (Failure to assert Eleventh Amendment immunity constitutes waiver); *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (Failure to assert timely objections to discovery requests waives all objections.). Since defendants never objected to Plaintiff's Rule 56 as untimely, defendants' present objection to the filing of Plaintiff's motion must be rejected.

DATED: December 21, 2023

**DONALD W. COOK**
Attorney for Plaintiff

By _____
Donald W. Cook